

1

2

3

4

5

6

7        SUPERIOR COURT OF WASHINGTON IN AND FOR KING COUNTY

8

9   MADHURI PATEL, individually and on behalf
    of AMANDA HINGORANI, a
10  developmentally disabled minor,                    No. 08-2-20671-8 KNT

11                                  Plaintiff,         SUMMONS

12          v.

13  KENT SCHOOL DISTRICT, a Washington                DEFENDANT KENT SCHOOL
    municipal corporation; KENT YOUTH AND             DISTRICT
14  FAMILY SERVICES, a Washington
    corporation and healthcare provider; MARNEE
15  CRAWFORD, a healthcare provider; and
    DENNIS BALLINGER, a healthcare provider,
16
                                 Defendants.
17

18

19

20  THE STATE OF WASHINGTON, TO:

21      **KENT SCHOOL DISTRICT**
        C/O BARBARA GROHE, SUPERINTENDANT
22      12033 Southeast 256th
        Kent, Washington  98031
23      **Phone:** (253) 373-7701
        **Fax:** (253) 373-7231

24          A lawsuit has been started against you in the above-entitled court by plaintiff.  Plaintiff's

25  claims are stated in the written complaint, a copy of which is served upon you with this

26  summons.

SUMMONS - 1



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900 • Seattle, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

003020-11  244615 V1

3

1       In order to defend against this lawsuit, you must respond to the complaint by stating your

2   defense in writing and serve a copy upon the undersigned attorney for the plaintiff within 20

3   days after the service of this summons, excluding the day of service, or a default judgment may

4   be entered against you without notice.  A default judgment is one where plaintiff is entitled to

5   what they ask for because you have not responded.  If you serve a notice of appearance on the

6   undersigned attorney you are entitled to notice before a default judgment may be entered.

7       You may demand that plaintiff file this lawsuit with the court.  If you do so, the demand

8   must be in writing and must be served upon the person signing this summons.  Within fourteen

9   (14) days after you serve the demand, plaintiff must file this lawsuit with the court, or the service

10   on you of this Summons and Complaint will be void.

11       If you wish to seek the advice of an attorney in this matter, you should do so promptly so

12   that your written response, if any, may be served on time.

13       This summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State

14   of Washington.

15   DATED this ___18th___ day of June, 2008.

16       HAGENS BERMAN SOBOL SHAPIRO LLP
         Attorneys for Plaintiff

17

18

19   By _____
         David P. Moody, WSBA #22853

20       Anthony D. Shapiro, WSBA #12824
         Martin D. McLean, WSBA #33269

21

22

23

24

25

26

SUMMONS - 2

**LB**
HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

003020-11  244615 V1

4

RECEIVED
In King County Superior Court Clerk's Office

JUN 18 2008

Cashier Section
Superior Court Clerk

1

2

3

4

5

6

7      SUPERIOR COURT OF WASHINGTON IN AND FOR KING COUNTY

8

9   MADHURI PATEL, individually and on behalf
    of AMANDA HINGORANI, a
10  developmentally disabled minor,                    No.  08-2-20671-8KNT

11                              Plaintiff,             COMPLAINT FOR DAMAGES

12          v.

13  KENT SCHOOL DISTRICT, a Washington
    municipal corporation; KENT YOUTH AND
14  FAMILY SERVICES, a Washington
    corporation and healthcare provider; MARNEE
15  CRAWFORD, a healthcare provider; and
    DENNIS BALLINGER, a healthcare provider,
16
                                Defendants.
17

18

19          COMES NOW plaintiff, individually and on behalf of her developmentally disabled

20  minor child Amanda Hingorani, and alleges as follows.

21                          I.      INCORPORATION

22          1.      By this reference, each paragraph contained herein is incorporated as support for

23  each paragraph which follows.

24

25

26

COMPLAINT FOR DAMAGES - 1



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

003020-11  236205 V1

## II.    PLAINTIFF

2.    Amanda Hingorani ("Amanda") is a developmentally disabled minor child.

3.    Madhuri Patel ("Madhuri") is the custodial parent of Amanda and has provided regular support to Amanda within the meaning of RCW 4.24.010. Madhuri is pursuing claims individually and as representative of Amanda's person and estate.

## III.    DEFENDANT KENT SCHOOL DISTRICT

4.    Defendant Kent School District ("Defendant KSD") is a municipal corporation located in King County, Washington. Defendant KSD operates Kentridge High School, which Amanda attended at all relevant times.

## IV.    DEFENDANT KENT YOUR AND FAMILY SERVICES

5.    Defendant Kent Youth and Family Services ("Defendant KYFS") is a corporation located in King County, Washington. Defendant KYFS provided professional counseling services to Amanda at all relevant times.

## V.    DEFENDANT BALLINGER

6.    Defendant Dennis Ballinger ("Defendant Ballinger") was, at all times relevant, a health care provider and the Director of Defendant KYFS. Upon information and belief, Defendant Ballinger resides in King County, Washington.

## VI.    DEFENDANT CRAWFORD

7.    Defendant Marnee Crawford ("Defendant Crawford") was, at all times relevant, a health care provider employed as a counselor for Defendant KYFS. Upon information and belief, Defendant Crawford resides in King County, Washington.

## VII.    VENUE AND JURISDICTION

8.    A claim for damages was served on Defendant KSD on March 12, 2008, pursuant to RCW 4.96.020. Over sixty (60) days have passed since the Claim for Damages Form was served. Therefore, this Court has jurisdiction pursuant to RCW 4.96.

COMPLAINT FOR DAMAGES - 2

HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

003020-11 236205 V1

9.      A Notice of Intent to Sue was served on Defendant KYFS on January 17, 2008, pursuant to RCW 7.70.100.  Over ninety (90) days have passed since the Notice of Intent to Sue was served.  Therefore, this Court has jurisdiction, pursuant to RCW 7.70.100.

10.     A Notice of Intent to Sue was served on Defendant Ballinger on January 17, 2008, pursuant to RCW 7.70.100.  Over ninety (90) days have passed since the Notice of Intent to Sue was served.  Therefore, this Court has jurisdiction, pursuant to RCW 7.70.100.

11.     A Notice of Intent to Sue was served on Defendant Crawford on January 18, 2008, pursuant to RCW 7.70.100.  Over ninety (90) days have passed since the Notice of Intent to Sue was served. Therefore, this Court has jurisdiction, pursuant to RCW 7.70.100.

12.     Pursuant to RCW 7.70.150, the Complaint for Damages incorporates three Certificates of Merit supporting the allegations against Defendants Crawford, Ballinger and KYFS. *See,* Attachments A, B and C.

13.     This court has jurisdiction over all claims against Defendants since the acts and omissions forming the basis of this Complaint occurred in King County, Washington.

14.     Venue is proper in King County Superior Court because all or some of the Defendants reside in King County, Washington.

## VIII.   FACTUAL SUMMARY: KENT SCHOOL DISTRICT

15.     Amanda has been a student in the Defendant KSD her entire academic career.

16.     Amanda was first diagnosed by Defendant KSD with cognitive and intellectual delays when she was three years old.

17.     Amanda has never received a Full Scale Intelligence Quotient ("FSIQ") higher than 71.  Her lowest recorded FSIQ was 64.

18.     Amanda has participated in the special education program since the 1st grade and has remained eligible for special education services throughout her academic career.

COMPLAINT FOR DAMAGES - 3



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

003020-11 236205 V1

19. In March 2006, while enrolled in the 9th Grade at Kentridge High School ("KHS"), Amanda was evaluated by Defendant KSD to assist in preparing her Individual Education Plan ("IEP").

20. The IEP for 2006 demonstrates that: (1) Amanda had a FSIQ of 68, placing her in the "extremely low" range for her age, in the bottom 2% of her peers; (2) Amanda scored a 71 on the Vineland Adaptive test, exceeding only 3% of her peers in social and behavioral skills; and (3) Amanda's adaptive and cognitive skills continued to be consistent with a person functioning in the range of mental retardation.

21. During the 2006 evaluation period, Madhuri specifically warned officials at KHS that Amanda often exhibited unsafe behaviors and required near constant supervision.

22. The staff at KHS acknowledged that "Amanda is not aware of the potential danger of situations and does not necessarily use caution when encountering risky social situations."

23. Shortly after Madhuri warned KHS, Amanda was subjected to several months of financial and sexual exploitation on school grounds, during school hours.

24. In April 2006, Madhuri found a note sent to Amanda from a classmate. The note provided instructions for Amanda to steal money from her mother's wallet in exchange for friendship, affection and sex.

25. Upon finding this letter, Madhuri contacted staff at KHS to discuss her concerns about Amanda being exploited. On April 26, 2006, Madhuri met with Assistant Principal Eric Hong, School Counselor Jeff Vanderport, and David Fowler (school security).

26. Assistant Principal Hong took no action regarding the incident because he was not convinced of the veracity of Madhuri's allegations.

27. Madhuri returned home and printed the emails. The emails retrieved by Madhuri revealed shocking and graphic examples of the exploitation suffered by Amanda while a student at KHS: (1) five months of graphic, threatening and demeaning emails sent by KHS students to

COMPLAINT FOR DAMAGES - 4

003020-11 236205 V1

HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

1   Amanda; (2) financial extortion in exchange for attention, friendship and sex; and (3) clear

2   evidence that Amanda was the victim of repeated sexual victimization in the restrooms at KHS

3   during school hours.

4       28.    Madhuri requested a second meeting with the administration at KHS.

5       29.    On April 27, 2006, Madhuri provided KHS administration with the emails

6   documenting Amanda's exploitation.

7       30.    Amanda was pulled from her mainstream classes and a "no contact" order was

8   implemented between Amanda and the other students involved.  Madhuri removed Amanda from

9   KHS until an appropriate plan of supervision was established by KHS.

10       31.    The plan of supervision required KHS to provide 1-on-1 supervision for Amanda

11   during school hours.  This plan remained in effect for the remainder of Amanda's 9th grade year

12   (2005/06).

13       32.    Despite clear knowledge that Amanda had been financially and sexually exploited

14   during her 9th grade year, Defendant KSD did not immediately continue the supervision plan

15   when Amanda returned in Fall 2006 to begin her 10th grade year.

16       33.    As a result of Defendant KSD's unilateral discontinuance of the supervision plan,

17   Madhuri requested a meeting to ensure that KHS provided adequate safety for her disabled

18   daughter.

19       34.    On September 13, 2006, a meeting was held between Madhuri and KHS

20   administrators.  KHS was specifically advised that "there were reasons to be concerned with

21   Amanda's safety if she was left in any unsupervised times.  This included lunch, passing times,

22   *and especially bathroom time.*"

23       35.    A second meeting was held on October 17, 2006 between Madhuri and KHS

24   administrators.  Issues discussed included:  (1) Madhuri's concerns that Amanda's personal

25   safety was in danger in light of the financial and sexual exploitation which occurred during her

26   9th grade year; (2) Madhuri's warnings that Amanda remained vulnerable to exploitation and

COMPLAINT FOR DAMAGES - 5



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

003020-11  236205 V1

9

1   was easily taken advantage of; (3) Amanda's inability to know right from wrong; and

2   (4) Amanda's inability to make safe decisions.

3          36.     Madhuri requested that the supervision plan instituted by Defendant KSD at the

4   end of Amanda's 9th grade year be re-instituted for Amanda's 10th grade year.

5          37.     Defendant KSD specifically acknowledged that, "Amanda is vulnerability [sic] to

6   exploitation as file records indicate." Accordingly, the administrators at KHS agreed with

7   Madhuri and reimplemented the 1-on-1 supervision plan. "In this way, staff is able to provide

8   the safety and close monitoring needed."

9          38.     Madhuri remained in close contact with Amanda's teachers in an effort to monitor

10  Amanda's academic progress and safety. Madhuri was aware of Amanda's homework

11  assignments and extracurricular activities at school.

12         39.     KHS told Madhuri that while Amanda was receiving special education

13  instruction, at least three adults were present in the classroom. These adults included Francine

14  Wilhelm ("Ms. Wilhelm") (Amanda's special education instructor) and two additional classroom

15  aides.

16         40.     Additionally, Madhuri was assured that Amanda was required to use a restroom

17  specifically designated for use only by the special education students.

18         41.     In early Spring 2007, the supervision provided by KHS began to unravel.

19         42.     By late April 2007, KHS had completely abdicated its responsibility to protect

20  and supervise Amanda, its vulnerable, mentally retarded student. While Amanda's special

21  education teacher and the classroom aides failed to provide supervision, Amanda was raped in

22  the special education bathroom, during class, on many occasions.

23         43.     In early March 2007, Amanda's special education teachers were keenly aware of

24  Amanda's need for safety. On March 1, 2007, two special education teachers at KHS

25  (Ms. Baldan and Ms. Wilhelm) specifically discussed the fact that a new boy was added to

26

COMPLAINT FOR DAMAGES - 6



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

003020-11 236205 V1

1   Amanda's special education class, writing "I noticed Amanda Hingorani was VERY aware of his

2   presence."

3       44.   KHS' understanding of its obligation to supervise Amanda was underscored on

4   April 4, 2007 when Ms. Wilhelm acknowledged that "The agreement we have with Hingorani's

5   mom is that [Amanda] be supervised at all times."

6       45.   In Spring 2007, KHS abandoned and failed in its efforts to protect Amanda.

7       46.   On April 30, 2007, the KHS Special Education Department Head, Ms. Grajewski,

8   sent an exclamatory message to Ms. Wilhelm, "contact Amanda's mom and alert her about the

9   bathroom incident!  This is serious."

10       47.   On April 30, 2007, Ms. Wilhelm sent an email to Madhuri regarding an incident

11   involving Amanda and another special education student.  Ms. Wilhelm wrote, "I have a report

12   of some seriousness."

13       48.   However, Ms. Wilhelm's email lacked detail.  She informed Madhuri that, a few

14   days earlier, Ms. Wilhelm caught "M" sneaking out of class immediately after Amanda left to

15   use the restroom.  Ms. Wilhelm "assume[d] that [Amanda] may have been about to repeat some

16   of the same behaviors in our bathroom with "M" that she engaged in last year."

17       49.   Despite the lack of detail in Ms. Wilhelm's email, Madhuri became very

18   concerned by the lackadaisical supervision provided by KHS.                    —

19       50.   Madhuri questioned Amanda about the incident.  Amanda told her mother that

20   "Matt" had sex with her in the boy's bathroom located immediately next door to Ms. Wilhelm's

21   self-contained special education classroom.  Later that day, Amanda revealed that Matt had sex

22   with her in the boys' bathroom on several occasions during Ms. Wilhelm's third period class.

23       51.   On May 2, 2007, Madhuri wrote to KHS Principal Mike Albrecht.  She reminded

24   him of her many meetings and discussions concerning her disabled daughter's safety at KHS.  "If

25   you remember last year I came to talk with you to get problems assessed and provide supervision

26   Amanda needed while attending school . . . I met with teachers/special ED manager . . . many

COMPLAINT FOR DAMAGES - 7



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

1  subsequent follow up . . . to have close supervision over my daughter due to her

2  cognitive/intellectual deficits."

3      52.     Madhuri advised Mr. Albrecht that while KHS failed to provide supervision for

4  her daughter, Amanda was sexually victimized during Ms. Wilhelm's third period class.

5  Madhuri concluded her email with this:

> 6  I feel school has not provided supervision she needs.  She is a
> minor cannot consent, she has poor cognition she cannot consent,
> 7  knowing Amanda has history with school with similar situation
> before why teacher would let her go to bathroom alone when thus
> 8  has been requests to be watched over and over.  I do not feel
> school is doing enough to keep her safe.  I am taking my daughter
> 9  out of school till I am reassured of her safety.

10     53.     On May 2, 2007, Mr. Albrecht immediately forwarded the email he received from

11  Madhuri to his Vice Principal (Ms. Edwards) and the Chair of the Special Education Department

12  (Ms. Grajewski).  Mr. Albrecht simply wrote, "See me."

13     54.     On May 2, 2007, after writing to Mr. Albrecht, Madhuri also wrote to

14  Ms. Wilhelm.  "Francine, I am in shock.  Amanda will not come back to school till these issues

15  are worked out/alternative plans are made.  I have sent an e-mail to principal today regarding

16  this."  Ms. Wilhelm immediately forwarded Madhuri's email to Vice Principal Edwards.

17     55.     Later that afternoon, Ms. Grajewski (Chair, Special Education Department) wrote

18  to Principal Albrecht and Vice Principal Edwards.  In her email, Ms. Grajewski warned that "this

19  could be a HUGE issue with [Ms. Wilhelm]."

20     56.     Ms. Grajewski acknowledged that she and Ms. Edwards met with Madhuri

21  "numerous times" and that "[Ms. Wilhelm] was instructed to have an [instructional aide] with

22  Amanda at all times."  Principal Albrecht agreed, writing "I thought that Amanda was under

23  complete adult supervision throughout the entire day."

24     57.     Vice Principal Edwards also expressed her belief that "we were under the

25  impression that Amanda was under complete adult supervision throughout her school day."

26

COMPLAINT FOR DAMAGES - 8

HAGENS BERMAN
SOBOL SHAPIRO LLP

1301 Fifth Avenue, Suite 2900 • Seattle, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

58.     By the end of the day on May 2, 2007, Mr. Albrecht, Ms. Edwards, Ms. Wilhelm and Ms. Grajewski each had knowledge that one of the mentally retarded, special education students at KHS had allegedly been sexually victimized in the bathroom during school hours. None of these administrators, nor anyone else at KHS, called law enforcement or fulfilled their legal duties as mandatory reporters.

59.     On May 5, 2007, Madhuri contacted the King County Sherriff's Department to report her disabled daughter's sexual victimization.  The King County Sherriff's office obtained a statement from Matt Mills ("Mr. Mills"), the student who participated in Amanda's sexual victimization.  The statement is graphic and clear.

60.     Mr. Mills admitted that he "had sexual relations with Amanda at least five times" between the months of March and April 2007 in the bathroom located next to Ms. Wilhelm's classroom.

61.     Mr. Mills admitted that Amanda was repeated sexually victimized ("I would pull her pants and panties down . . . I would then pull my pants down and have Amanda bend over where her back was toward me . . . place my penis into her anus . . .") during third period at KHS while under the supervision of the KHS Special Education Department, specifically Ms. Wilhelm and her aides.

62.     In an email dated May 3, 2007, Ms. Wilhelm acknowledges that the restroom in which Mr. Mills admits to engaging in sex acts with Amanda "is right next door to the classroom." Ms. Wilhelm admits that "Not one of the three adults in the class had any inkling of what was going on."

63.     It is believed that Ms. Wilhelm's third period class was comprised of only seven special education students, with three instructors.

64.     To summarize, Amanda was the victim of multiple instances of sexual, physical and financial exploitation, all during school hours, while a special education student at KHS. This victimization was allowed to occur despite KHS' duty to provide "safety and close

COMPLAINT FOR DAMAGES - 9

HB

HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

003020-11 236205 V1

13

1   monitoring" for Amanda and a clear recognition on the part of Defendant KSD of Amanda's

2   profound vulnerabilities and despite multiple, clear and consistent warnings provided by

3   Amanda's mother.

4       65.    At all times relevant hereto, Defendant KSD and its employees had a mandatory

5   duty to report suspected child abuse or neglect pursuant to RCW 26.44 *et seq.*

6       **IX.    FACTUAL SUMMARY: KENT YOUTH & FAMILY SERVICES**

7       66.    As a result of the financial and sexual exploitation suffered by Amanda during her

8   ninth grade year at KHS, Madhuri sought professional counseling for both Amanda and herself.

9       67.    Jeff Vanderport, school counselor for KHS, referred Madhuri and Amanda to

10  Defendant KYFS in April 2006.

11      68.    Defendant KYFS' website states that it "provides professional counseling,

12  education and support services to children, youth and their families in our community,

13  developing innovative programs that meet the evolving challenges of our diverse community in

14  culturally sensitive ways."

15      69.    Amanda and Madhuri's counseling at Defendant KYFS commenced on or about

16  May 31, 2006.

17      70.    The counselor at Defendant KYFS working most directly with Amanda and

18  Madhuri was Defendant Crawford.

19      71.    Defendant KYFS' "Intake Data Form" prepared by Defendant Crawford

20  recognizes that Amanda has developmental disabilities.

21      72.    During her initial evaluation, Defendant Crawford notes that Amanda suffers

22  from mental retardation.

23      73.    Defendant Crawford also learned that Amanda had suffered financial and sexual

24  exploitation at KHS for several months before treating with Defendant KYFS.

25      74.    After their initial meeting with Defendant Crawford on May 31, 2006, Amanda

26  and Madhuri participated in counseling on a weekly basis at Defendant KYFS.

COMPLAINT FOR DAMAGES - 10



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900 ● Seattle, WA 98101
TELEPHONE (206) 623-7292 ● FACSIMILE (206) 623-0594

003020-11  236205 V1

14

75. On June 6, 2006, Madhuri signed a release authorizing the exchange of confidential information between the Defendant KYFS and Defendant KSD. This release authorized the exchange of all psychological and counseling records for Amanda between Defendant KYFS and Defendant KSD.

76. Within weeks of starting treatment, Defendant KYFS, Defendant Crawford and Defendant Ballinger discovered that the sexual exploitation of Amanda was continuing on school grounds, during school hours, at KHS.

77. On June 14, 2006, Defendant Crawford's notes reflect that Amanda was "having sex with Eric in the bathroom at school."

78. Defendant Crawford's notes from this session state that "Erik" wanted Amanda to begin having anal sex and that, "Clinician and 'A' talked about anal sex as Amanda had no idea what it is or means."

79. Defendant Crawford's June 14, 2006 notes further reflect the "need to get supervision on A's sexual bx."

80. After learning that Amanda was still being sexually exploited during school hours at KHS, Defendant Crawford consulted with her supervisor, Defendant Ballinger.

81. Defendant Ballinger claimed that neither Child Protective Services ("CPS") nor KHS could be informed that Amanda was being sexually exploited at KHS during school hours.

82. Defendant Ballinger, Defendant Crawford and Defendant KYFS failed to tell anyone that Amanda was being sexually exploited at KHS.

83. Defendant KYFS, Defendant Ballinger and Defendant Crawford had, at all times relevant hereto, a mandatory duty to report suspected child abuse or neglect pursuant to RCW 26.44 *et seq.*

84. Defendant KYFS, Defendant Ballinger and Defendant Crawford failed to contact CPS or law enforcement after learning that Amanda was being sexually exploited during school hours at KHS.

COMPLAINT FOR DAMAGES - 11

HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

003020-11 236205 V1

85.     Despite having a valid release authorizing the exchange of information Defendant KYFS, Defendant Ballinger and Defendant Crawford failed to notify KHS that Amanda was being sexually exploited repeatedly during school hours.

86.     Defendant Crawford's notes from June 21, 2006 reflect that "A and clinician talked over what the money and sex relationship with Eric mean and whether A knows what being used or exploited means."

87.     On June 28, 2006, Defendant Crawford's counseling notes indicate that Amanda was exploited by another boy, Matt, who had posted nude photos of Amanda on the internet. Defendant Crawford's notes for this session indicate that "A lacks insight into exploitation, indecency and internet privacy/danger issues."

88.     Despite the intervening summer break, Amanda and Madhuri continued counseling at KYFS. On July 19, 2006, Defendant Crawford's notes indicate that Amanda still wanted to see Eric and would have sex with him again in the school bathroom if left unsupervised.

89.     Defendant Crawford's notes from this July 19, 2006 session reflect her opinion that, "Amanda is mirroring her mother's level of cultural misbehavior with men on a second generation immigrant scale. Mahduri may need to sort out her own sexual shame and history before she can be available to Amanda."

90.     On July 25, 2006, Defendant Crawford took Amanda (age 15) to the "Teen Clinic" to make an appointment for obtaining birth control services.

91.     On August 16, 2006, during a counseling session at Defendant KYFS, Defendant Crawford took Amanda to the "Teen Clinic" where Amanda was injected with "Depo" a hormonal form of birth control. Amanda was also coached regarding the appropriate way to use a condom.

92.     Defendant Crawford did not inform Madhuri that her mentally disabled daughter, Amanda, would be taken to the Teen Clinic to obtain birth control services.

COMPLAINT FOR DAMAGES - 12

HB

HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

003020-11 236205 V1

93.    During the very next counseling session, on April 23, 2006, Defendant Crawford remarked that "A has very poor insight."

94.    On September 13, 2006, Defendant Crawford participated in a meeting with Defendant KSD to discuss whether one-on-one supervision of Amanda was necessary during school hours at KHS.

95.    Defendant KSD staff members participating in this September 13, 2006 meeting with Defendant Crawford were Jeff Vanderport, Sally McLurg, Francine Wilhelm, Kim Edwards and Jennifer Grajewski.

96.    Defendant Crawford told the group that Amanda required heightened supervision to avoid the possibility of being "exploited again." Defendant Crawford indicated that Amanda was vulnerable to exploitation, especially while using the bathroom.

97.    At this September 13, 2006 meeting, Defendant Crawford refused to disclose that Amanda was being sexually exploited in the restrooms of KHS during school hours.

98.    Defendant Crawford's October 17, 2006 notes reflect that Amanda was engaging in "recent sexual behavior in the bathrooms at school."

99.    On October 17, 2006, the school staff of KHS met with Defendant Crawford to determine why Defendant Crawford believed Amanda needed closer supervision.

100.    Defendant Crawford refused to disclose Amanda's ongoing sexual exploitation occurring in the bathrooms at KHS.

101.    In January of 2007, Defendant Crawford ended her employment with Defendant KYFS.

102.    Amanda and Madhuri stopped counseling with Defendant KYFS approximately three months later.

COMPLAINT FOR DAMAGES - 13



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900 • Seattle, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

003020-11 236205 V1

## X.    FIRST CAUSE OF ACTION:

### DEFENDANT KSD'S NEGLIGENCE

103.   Defendant KSD had a non-delegable duty to take reasonable steps to ensure the safety and well-being of its students, including Amanda.

104.   Through its acts and omissions, Defendant KSD failed to act reasonably by not: (1) establishing programs, protocols, and rules to ensure the safety of special education students; (2) monitoring Kentridge High School special education students in general; (3) monitoring the behavior of Matthew Mills, Matt Salsbury, Eric Warner, Tayana Bryant and Amanda Hedstrom in particular; (4) providing a safe learning environment at Kentridge High School for Amanda; (5) securing and/or monitoring classrooms and restrooms during school hours to ensure that inappropriate behavior was prevented; and (6) taking necessary safety measures to ensure that inappropriate behavior, assaults and injury were prevented.  By its acts and omissions, Defendant KSD breached its duty of reasonable care and is liable for negligence.

105.   As a direct and proximate result of the negligence of Defendant KSD, plaintiff sustained serious and permanent damages in an amount to be proven at trial.

## XI.    SECOND CAUSE OF ACTION:

### DEFENDANT KYFS' NEGLIGENCE

106.   Defendant KYFS had a non-delegable duty to provide counseling services according to the applicable standard of care for health care professionals providing professional counseling and/or therapy.

107.   Defendant KYFS breached its non-delegable duty by providing professional counseling and/or therapy that was below the applicable standard of care and is therefore negligent.

108.   As a direct and proximate result of Defendant KYFS' negligence, plaintiff has sustained profound and permanent damages.

COMPLAINT FOR DAMAGES - 14

HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

003020-11 236205 V1

18

## XII.   THIRD CAUSE OF ACTION:

## DEFENDANT CRAWFORD'S NEGLIGENCE

109.   Defendant Crawford had a non-delegable duty to provide counseling services according to the applicable standard of care for health care professionals providing professional counseling and/or therapy.

110.   Defendant Crawford breached her non-delegable duty by providing professional counseling and/or therapy that was below the applicable standard of care and is therefore negligent.

111.   As a direct and proximate result of Defendant Crawford's negligence, plaintiff has sustained profound and permanent damages.

## XIII.   FOURTH CAUSE OF ACTION:

## DEFENDANT BALLINGER'S NEGLIGENCE

112.   Defendant Ballinger had a non-delegable duty to provide counseling services according to the applicable standard of care for health care professionals providing professional counseling and/or therapy.

113.   Defendant Ballinger breached his non-delegable duty by providing professional counseling and/or therapy that was below the applicable standard of care and is therefore negligent.

114.   As a direct and proximate result of Defendant Ballinger's negligence, plaintiff has sustained profound and permanent damages.

## XIV.   FIFTH CAUSE OF ACTION:   RCW 4.24.010

115.   Madhuri is the custodial and biological parent of Amanda and has provided regular support to Amanda throughout her life.

COMPLAINT FOR DAMAGES - 15

HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

003020-11  236205 V1

116.   The injuries and damages sustained by Amanda as a result of the negligent acts and omissions of defendants occurred while Amanda was a minor. Therefore, defendants are liable to Madhuri pursuant to RCW 4.24.010.

117.   As a direct and proximate result of the negligent acts and omissions of Defendants, Madhuri has sustained special and general damages in an amount to be proven at trial.

## XV.   SIXTH CAUSE OF ACTION: RCW 26.44. *ET SEQ.*

118.   Each and every Defendant had, at all time relevant, an independent, non-delegable and mandatory duty to report each instance of suspected exploitation, abuse and/or neglect suffered by Amanda to proper law enforcement and/or the Department of Social and Health Services.

119.   Each and every Defendant breached their independent, non-delegable and mandatory duty by failing to report each instance of suspected exploitation, abuse and/or neglect suffered by Amanda to proper law enforcement and/or the Department of Social and Health Services.

120.   As a direct and proximate result of the negligent acts and omissions of Defendants, plaintiff has sustained profound and permanent damages in an amount to be proven at trial.

## XVI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff Madhuri, individually and on behalf of Amanda, prays for judgment as follows:

A.   For all general and special damages sustained as a result of Defendant KSD's negligent acts and omissions as alleged above;

B.   For all general and special damages sustained as a result of Defendant KYFS' negligent acts and omissions as alleged above;

COMPLAINT FOR DAMAGES - 16



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

003020-11 236205 V1

1       C.      For all general and special damages sustained as a result of Defendant Crawford's

2   negligent acts and omissions as alleged above;

3       D.      For all general and special damages sustained as a result of Defendant Ballinger's

4   negligent acts and omissions as alleged above;

5       E.      For all general and special damages allowed pursuant to RCW 4.24.010;

6       F.      Prejudgment interest; and

7       E.      Any additional relief that the Court deems just.

8   Dated this ___18th___ day of June, 2008.

10      HAGENS BERMAN SOBOL SHAPIRO
    Attorneys for Plaintiffs

13  By _____
14      David P. Moody, WSBA No. 22853
    Anthony D. Shapiro, WSBA #12824
15      Martin D. McLean, WSBA #33269

COMPLAINT FOR DAMAGES - 17

HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900 • Seattle, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

003020-11 236205 V1

Exhibit A

22

## CERTIFICATE OF MERIT OF DR. G. ANDREW H. BENJAMIN, J.D., Ph.D.

Dr. G. Andrew H. Benjamin, J.D., Ph.D., certifies the following in support of the health care negligence claims of Madhuri Patel and Amanda Hingorani against Marnee Crawford.

1.      I am a clinical psychologist licensed to practice in the State of Washington. In 1982, I received my Master of Arts in Clinical Psychology and Law Psychology from the University of Arizona.  In 1985, I received my doctorate in Clinical Psychology and Law Psychology from the University of Arizona.  In 1985, I completed my internship in Clinical psychology at the Department of Psychiatry and Behavioral Sciences, University of Washington School of Medicine.

2.      I am a licensed attorney in Arizona.  In 1984, I receiving my Juris Doctor from the University of Arizona.

3.      I have been an Acting Assistant Professor, 1985 to 1992, a Clinical Associate Professor, 1992 to 1997, and a Clinical Professor, 1997 to 2003, at the University of Washington. I have also been the Director of the Parenting Evaluation Treatment Program from 1989 to the present, also with the University of Washington.  I have been an Affiliate Professor from 1997 to the present with the University of Washington School of Law.  From 2002 to the present, I have been an Adjunct Professor with the Department of Education, Seattle University.  Since receiving an applied research grant in 2004 to develop and implement a clinical psychology doctoral program for Antioch University in Seattle, I briefly served as the Dean of Doctoral Psychology in 2006 and ended my appointment as a Senior Research Professor at the Antioch University Department of Psychology in 2008.

4.      In 1992, I was elected as "Professional of the Year" by the Washington State Bar Association, Family Law Section, for developing and implementing both the University of

003020-11 230316 V1                                      - 1 -

Washington's Parental Evaluation Training Program and the Washington State Bar Association's Lawyer Assistance Program. In 1999, I was honored for "outstanding and tireless contributions to the Washington State Psychology Association (WSPA)." As a result, WSPA created the G. Andrew H. Benjamin Award given every two years to honor a psychologist who distinguish him/herself on behalf of psychologists and their clients. In 2001, I was honored for "Excellence in Mentorship" by the class of 2001 Psychology Residents, University of Washington School of Medicine, Department of Psychiatry and Behavioral Sciences. In 2003, I was awarded the Heiser Award for an outstanding record of public service and advocacy in numerous areas of professional activity by the American Psychology Association.

5.      In addition to my clinical practice and educational responsibilities, I have authored numerous scholarly authors related to clinical and behavioral psychology. From 1999 through 2006, I was elected to the American Psychological Association Council of Representatives, representing the State of Washington. I was also elected and served as a member of the Policy and Planning Board of the American Psychological Association from 2004 through 2006, acting as the chair for 2006.

6.      In 1997, I served as President of the Washington State Psychology and was elected to its executive committee from 1996 through 1999. I have acted as a Consultant to the Ethics Committee for the Washington State Psychological Association from 1995 to the present. From 1998 to the present, I have been a Council Member of the Washington State Psychology Association

7.      As a result of my education, training and experience, I am familiar with the standard of care in the State of Washington for a reasonable and prudent health care provider providing professional counseling and/or therapy, such as Marnee Crawford. I have reviewed

003020-11 230316 V1

24

records relating to the counseling services provided by Marnee Crawford to Amanda Hingorani and Madhuri Patel.

8.      Based upon my professional education, training and experience, and the records I have reviewed, it is my opinion that the professional counseling and/or therapy provided by Marnee Crawford to Amanda Hingorani and Madhuri Patel, was negligent and far below the standard of care.

Dated this 21st day of May, 2008.

_____
G. Andrew H. Benjamin, J.D., Ph.D.

25

Exhibit B

26

## CERTIFICATE OF MERIT OF DR. G. ANDREW H. BENJAMIN, J.D., Ph.D.

Dr. G. Andrew H. Benjamin, J.D., Ph.D., certifies the following in support of the health care negligence claims of Madhuri Patel and Amanda Hingorani against Dennis Ballinger.

1.      I am a clinical psychologist licensed to practice in the State of Washington. In 1982, I received my Master of Arts in Clinical Psychology and Law Psychology from the University of Arizona.  In 1985, I received my doctorate in Clinical Psychology and Law Psychology from the University of Arizona.  In 1985, I completed my internship in Clinical psychology at the Department of Psychiatry and Behavioral Sciences, University of Washington School of Medicine.

2.      I am a licensed attorney in Arizona.  In 1984, I receiving my Juris Doctor from the University of Arizona.

3.      I have been an Acting Assistant Professor, 1985 to 1992, a Clinical Associate Professor, 1992 to 1997, and a Clinical Professor, 1997 to 2003, at the University of Washington. I have also been the Director of the Parenting Evaluation Treatment Program from 1989 to the present, also with the University of Washington.  I have been an Affiliate Professor from 1997 to the present with the University of Washington School of Law.  From 2002 to the present, I have been an Adjunct Professor with the Department of Education, Seattle University.  Since receiving an applied research grant in 2004 to develop and implement a clinical psychology doctoral program for Antioch University in Seattle, I briefly served as the Dean of Doctoral Psychology in 2006 and ended my appointment as a Senior Research Professor at the Antioch University Department of Psychology in 2008.

4.      In 1992, I was elected as "Professional of the Year" by the Washington State Bar Association, Family Law Section, for developing and implementing both the University of

27

Washington's Parental Evaluation Training Program and the Washington State Bar Association's Lawyer Assistance Program. In 1999, I was honored for "outstanding and tireless contributions to the Washington State Psychology Association (WSPA)." As a result, WSPA created the G. Andrew H. Benjamin Award given every two years to honor a psychologist who distinguish him/herself on behalf of psychologists and their clients. In 2001, I was honored for "Excellence in Mentorship" by the class of 2001 Psychology Residents, University of Washington School of Medicine, Department of Psychiatry and Behavioral Sciences. In 2003, I was awarded the Heiser Award for an outstanding record of public service and advocacy in numerous areas of professional activity by the American Psychology Association.

5.     In addition to my clinical practice and educational responsibilities, I have authored numerous scholarly authors related to clinical and behavioral psychology. From 1999 through 2006, I was elected to the American Psychological Association Council of Representatives, representing the State of Washington. I was also elected and served as a member of the Policy and Planning Board of the American Psychological Association from 2004 through 2006, acting as the chair for 2006.

6.     In 1997, I served as President of the Washington State Psychology and was elected to its executive committee from 1996 through 1999. I have acted as a Consultant to the Ethics Committee for the Washington State Psychological Association from 1995 to the present. From 1998 to the present, I have been a Council Member of the Washington State Psychology Association

7.     As a result of my education, training and experience, I am familiar with the standard of care in the State of Washington for a reasonable and prudent health care provider providing professional counseling and/or therapy, such as Dennis Ballinger. I have reviewed

2-8

records relating to the counseling services provided by Dennis Ballinger to Amanda Hingorani and Madhuri Patel.

8.      Based upon my professional education, training and experience, and the records I have reviewed, it is my opinion that the professional counseling and/or therapy provided by Dennis Ballinger to Amanda Hingorani and Madhuri Patel, was negligent and far below the standard of care.

Dated this 21st day of May, 2008.

G. Andrew H. Benjamin, J.D., Ph.D.

003020-11 230351 V1                          - 3 -

29

Exhibit C

30

## CERTIFICATE OF MERIT OF DR. G. ANDREW H. BENJAMIN, J.D., Ph.D.

Dr. G. Andrew H. Benjamin, J.D., Ph.D., certifies the following in support of the health care negligence claims of Madhuri Patel and Amanda Hingorani against Kent Youth and Family Services.

1.      I am a clinical psychologist licensed to practice in the State of Washington. In 1982, I received my Master of Arts in Clinical Psychology and Law Psychology from the University of Arizona.  In 1985, I received my doctorate in Clinical Psychology and Law Psychology from the University of Arizona.  In 1985, I completed my internship in Clinical psychology at the Department of Psychiatry and Behavioral Sciences, University of Washington School of Medicine.

2.      I am a licensed attorney in Arizona.  In 1984, I receiving my Juris Doctor from the University of Arizona

3.      I have been an Acting Assistant Professor, 1985 to 1992, a Clinical Associate Professor, 1992 to 1997, and a Clinical Professor, 1997 to 2003, at the University of Washington. I have also been the Director of the Parenting Evaluation Treatment Program from 1989 to the present, also with the University of Washington.  I have been an Affiliate Professor from 1997 to the present with the University of Washington School of Law.  From 2002 to the present, I have been an Adjunct Professor with the Department of Education, Seattle University.  Since receiving an applied research grant in 2004 to develop and implement a clinical psychology doctoral program for Antioch University in Seattle, I briefly served as the Dean of Doctoral Psychology in 2006 and ended my appointment as a Senior Research Professor at the Antioch University Department of Psychology in 2008.

31

4.     In 1992, I was elected as "Professional of the Year" by the Washington State Bar Association, Family Law Section, for developing and implementing both the University of Washington's Parental Evaluation Training Program and the Washington State Bar Association's Lawyer Assistance Program.  In 1999, I was honored for "outstanding and tireless contributions to the Washington State Psychology Association (WSPA)."  As a result, WSPA created the G. Andrew H. Benjamin Award given every two years to honor a psychologist who distinguish him/herself on behalf of psychologists and their clients.  In 2001, I was honored for "Excellence in Mentorship" by the class of 2001 Psychology Residents, University of Washington School of Medicine, Department of Psychiatry and Behavioral Sciences.  In 2003, I was awarded the Heiser Award for an outstanding record of public service and advocacy in numerous areas of professional activity by the American Psychology Association.

5.     In addition to my clinical practice and educational responsibilities, I have authored numerous scholarly authors related to clinical and behavioral psychology.  From 1999 through 2006, I was elected to the American Psychological Association Council of Representatives, representing the State of Washington.  I was also elected and served as a member of the Policy and Planning Board of the American Psychological Association from 2004 through 2006, acting as the chair for 2006.

6.     In 1997, I served as President of the Washington State Psychology and was elected to its executive committee from 1996 through 1999.  I have acted as a Consultant to the Ethics Committee for the Washington State Psychological Association from 1995 to the present.  From 1998 to the present, I have been a Council Member of the Washington State Psychology Association

003020-11 230086 V.I

32

7.     As a result of my education, training and experience, I am familiar with the standard of care in the State of Washington for a reasonable and prudent health care provider providing professional counseling and/or therapy, such as Kent Youth and Family Services.  I have reviewed records relating to the counseling services provided by Kent Youth and Family Services to Amanda Hingorani and Madhuri Patel.

8.     Based upon my professional education, training and experience, and the records I have reviewed, it is my opinion that the professional counseling and/or therapy provided by Kent Youth and Family Services to Amanda Hingorani and Madhuri Patel, was negligent and far below the standard of care.

Dated this 21st day of May, 2008.

_____

G. Andrew H. Benjamin, J.D., Ph.D.

33

# IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
# IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| MADHURI PATEL, ET AL | NO.  08-2-20671-8    KNT |
| | Order Setting Civil Case Schedule (*ORSCS) |
| **Plaintiff(s)** | |
| vs | |
| KENT SCHOOL DISTRICT, ET AL | ASSIGNED JUDGE  Prochnau            7 |
| | FILE DATE:                06/18/2008 |
| **Defendant(s)** | **TRIAL DATE:**          **12/07/2009** |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

## I. NOTICES

**NOTICE TO PLAINTIFF:** The Plaintiff may serve a copy of this **Order Setting Case Schedule** (**Schedule**) on the Defendant(s) along with the **Summons and Complaint/Petition.** Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the **Summons and Complaint/Petition** or (2) service of the Defendant's first response to the **Complaint/Petition,** whether that response is a **Notice of Appearance,** a response, or a Civil Rule 12 (CR 12) motion. The **Schedule** may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

*"I understand that I am required to give a copy of these documents to all parties in this case."*

| | |
|---|---|
| Print Name | Sign Name |

34

I. NOTICES (continued)

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLR*] --
especially those referred to in this *Schedule*. In order to comply with the *Schedule*, it will be necessary for
attorneys and parties to pursue their cases vigorously from the day the case is filed. For example,
discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties,
claims, and defenses, for disclosing possible witnesses [*See KCLR 26*], and for meeting the discovery
cutoff date [*See KCLR 37(g)*].

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD PARTY COMPLAINTS:**
A filing fee of **$200** must be paid when any answer that includes additional claims is filed in an existing
case.

**SHOW CAUSE HEARINGS FOR CIVIL CASES** [King County Local Rule 4(g)]
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the
deadline in the schedule. A review of the case will be undertaken to confirm service of the original
complaint. A *Show Cause Hearing* will be set before the Chief Civil or RJC judge if needed. The Order to
Show Cause will be mailed to the plaintiff(s) or counsel to attend.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of all parties and claims is filed with the Superior
Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this
*Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the
parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any
pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a
*Notice of Settlement* pursuant to KCLR 41, and forwarding a courtesy copy to the assigned judge. If a final
decree, judgment or order of dismissal of all parties and claims is not filed by 45 days after a *Notice of
Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date,** the Superior Court Clerk is authorized by KCLR 41(b)(2)(A) to
present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of
Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office,
parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING AND TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to
mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and
cross-claims have been filed. If mandatory arbitration is required after the deadline, parties must obtain
an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must
pay a $220 arbitration fee.** If a party seeks a trial de novo when an arbitration award is appealed, a fee of
$250 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
All parties will be assessed a fee authorized by King County Code 4.71.050 whenever the Superior Court
Clerk must send notice of non-compliance of schedule requirements and/or Local Rule 41.

**King County Local Rules are available for viewing at www.metrokc.gov/kcscc.**

Order Setting Civil Case Schedule (*ORSCS)                                    REV. 8/07      2

## II. CASE SCHEDULE

| CASE EVENT | DEADLINE or EVENT DATE | Filing Needed |
|---|---|---|
| Case Filed and Schedule Issued. | Wed 06/18/2008 | * |
| Confirmation of Service [See KCLR 4.1]. | Wed 07/16/2008 | * |
| Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [See KCLMAR 2.1(a) and Notices on Page 2]. **$220 arbitration fee must be paid** | Wed 11/26/2008 | * |
| DEADLINE to file Confirmation of Joinder if not subject to Arbitration. [See KCLR 4.2(a) and Notices on Page 2]. **Show Cause hearing will be set if Confirmation is not filed or Box 2 is checked.** | Wed 11/26/2008 | * |
| DEADLINE for Hearing Motions to Change Case Assignment Area. [See KCLR 82(e)] | Wed 12/10/2008 | |
| DEADLINE for Disclosure of Possible Primary Witnesses [See KCLR 26(b)]. | Tue 07/07/2009 | |
| DEADLINE for Disclosure of Possible Additional Witnesses [See KCLR 26(b)]. | Mon 08/17/2009 | |
| DEADLINE for Jury Demand [See KCLR 38(b)(2)]. | Mon 08/31/2009 | * |
| DEADLINE for Setting Motion for a Change in Trial Date [See KCLR 40(e)(2)]. | Mon 08/31/2009 | * |
| DEADLINE for Discovery Cutoff [See KCLR 37(g)]. | Mon 10/19/2009 | |
| DEADLINE for Engaging in Alternative Dispute Resolution [See KCLR 16(c)]. | Mon 11/09/2009 | |
| DEADLINE for Exchange Witness & Exhibit Lists & Documentary Exhibits [See KCLR 16(a)(4)]. | Mon 11/16/2009 | |
| DEADLINE to file Joint Confirmation of Trial Readiness [See KCLR 16(a)(2)] | Mon 11/16/2009 | * |
| DEADLINE for Hearing Dispositive Pretrial Motions [See KCLR 56; CR 56]. | Mon 11/23/2009 | |
| Joint Statement of Evidence [See KCLR 16(a)(5)]. | Mon 11/30/2009 | * |
| Trial Date [See KCLR 40]. | Mon 12/07/2009 | |

### III. ORDER

Pursuant to King County Local Rule 4 [KCLR 4], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this Order Setting Civil Case Schedule and attachment on all other parties.

DATED:  06/18/2008

_____
PRESIDING JUDGE

## IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE

READ THIS ORDER PRIOR TO CONTACTING YOUR ASSIGNED JUDGE

**This case is assigned to the Superior Court Judge whose name appears in the caption of this** *Schedule.* **The assigned Superior Court Judge will preside over and manage this case for all pre-trial matters.**

**COMPLEX LITIGATION:** If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**The following procedures hereafter apply to the processing of this case:**

**APPLICABLE RULES:**

a. Except as specifically modified below, all the provisions of King County Local Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges.

**CASE SCHEDULE AND REQUIREMENTS:**

A. Show Cause Hearing: A Show Cause Hearing will be held before the Chief Civil/Chief RJC judge if the case does not have confirmation of service on all parties, answers to all claims, crossclaims, or counterclaims as well as the confirmation of joinder or statement of arbitrability filed before the deadline in the attached case schedule. All parties will receive an *Order to Show Cause* that will set a specific date and time for the hearing. Parties and/or counsel who are required to attend will be named in the order.

B. Pretrial Order: An order directing completion of a Joint Confirmation of Trial Readiness Report will be mailed to all parties approximately six (6) weeks before trial. **This order will contain deadline dates for the pretrial events listed in King County Local Rule 16:**

1) Settlement/Mediation/ADR Requirement;
2) Exchange of Exhibit Lists;
3) Date for Exhibits to be available for review;
4) Deadline for disclosure of witnesses;
5) Deadline for filing Joint Statement of Evidence;
6) Trial submissions, such as briefs, Joint Statement of Evidence, jury instructions;
7) voir dire questions, etc;
8) Use of depositions at trial;
9) Deadlines for nondispositive motions;
10) Deadline to submit exhibits and procedures to be followed with respect to exhibits;
11) Witnesses -- identity, number, testimony;

C. Joint Confirmation regarding Trial Readiness Report: No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g. interpreters, equipment), etc. If parties wish to request a CR 16 conference, they must contact the assigned court. Plaintiff/petitioner's counsel is responsible for contacting the other parties regarding said report.

D. Settlement/Mediation/ADR:

**1) Forty five (45) days before the Trial Date**, counsel for plaintiff shall submit a written settlement demand. Ten (10) days after receiving plaintiff's written demand, counsel for defendant shall respond (with a counteroffer, if appropriate).

**2) Twenty eight (28) days before the Trial Date,** a settlement/mediation/ADR conference shall have been held. **FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.**

E. Trial: Trial is scheduled for 9:00 a.m. on the date on the *Schedule or as soon thereafter as convened by the court.* The Friday before trial, the parties should access the King County Superior Court website at www.metrokc.gov/kcsc to confirm trial judge assignment. Information can also be obtained by calling (206) 205-5984.

MOTIONS PROCEDURES:

A. <u>Noting of Motions</u>

**Dispositive Motions: All Summary Judgment or other motions that dispose of the case in whole or in part will be heard with oral argument before the assigned judge. The moving party must arrange with the courts a date and time for the hearing, consistent with the court rules.**

**King County Local Rule 7 and King County Local Rule 56 govern procedures for all summary judgment or other motions that dispose of the case in whole or in part. The local rules can be found at www.metrokc.gov/kcscc.**

**Nondispositive Motions: These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered. All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements. Rather than noting a time of day, the *Note for Motion* should state "Without Oral Argument." King County Local Rule 7 governs these motions, which include discovery motions. The local rules can be found at www.metrokc.gov/kcscc.**

Motions in Family Law Cases not involving children: Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge. All other motions should be noted and heard on the Family Law Motions Calendar. King County Local Rule 7 and King County Family Law Local Rules govern these procedures. The local rules can be found at www.metrokc.gov/kcscc.

Emergency Motions: Emergency motions will be allowed only upon entry of an *Order Shortening Time.* However, emergency discovery disputes may be addressed by telephone call, and without written motion, if the judge approves.

<u>Filing of Documents</u> All original documents must be filed with the Clerk's Office. *The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge.* The assigned judge's working copy must be delivered to his/her courtroom or to the judges' mailroom. Do not file working copies with the Motions Coordinator, except those motions to be heard on the Family Law Motions Calendar, in which case the working copies should be filed with the Family Law Motions Coordinator.

Original Proposed Order: Each of the parties must include in the working copy materials submitted on any motion an original proposed order sustaining his/her side of the argument. Should any party desire a copy of the order as signed and filed by the judge, a preaddressed, stamped envelope shall accompany the proposed order.

Presentation of Orders: All orders, agreed or otherwise, must be presented to the assigned judge. If that judge is absent, contact the assigned court for further instructions. If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the assigned judge or in the Ex Parte Department. Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department. If final orders and/or formal proof are entered in the Ex Parte Department, counsel is responsible for providing the assigned judge with a copy.

C. <u>Form:</u> Memoranda/briefs for matters heard by the assigned judge may not exceed twenty four (24) pages for dispositive motions and twelve (12) pages for nondispositive motions, unless the assigned judge permits over-length memoranda/briefs in advance of filing. Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

IT IS SO ORDERED. FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS. PLAINTIFF/PETITIONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.

_____

PRESIDING JUDGE

38



**RECEIVED**
In King County Superior Court Clerk's Office

JUN 18 2008

Cashier Section
Superior Court Clerk

## KING COUNTY SUPERIOR COURT
## CASE ASSIGNMENT DESIGNATION
### and
## CASE INFORMATION COVER SHEET
### (cics)

In accordance with LR82(e), a faulty document fee of $15 will be assessed to new case filings missing this sheet pursuant to King County Code 4.71.100.

CASE NUMBER: __08 - 2 - 20 67 1 - 8 KNT__

CASE CAPTION: _Madhuri Patel v. Kent School District, et. al_

I certify that this case meets the case assignment criteria, described in King County LR 82(e), for the:

_____ **Seattle Area**, defined as:

    All of King County north of Interstate 90 and including all of the Interstate 90 right-of-way; all the cities of Seattle, Mercer Island, Bellevue, Issaquah and North Bend; and all of Vashon and Maury Islands.

__X__ **Kent Area**, defined as:

    All of King County south of Interstate 90 except those areas included in the Seattle Case Assignment Area.

Signature of Petitioner/Plaintiff

or

Signature of Attorney for
Petitioner/Plaintiff

__22853__
WSBA Number

Date

Date __06·18·08__

39

KING COUNTY SUPERIOR COURT
CASE ASSIGNMENT DESIGNATION
and
CASE INFORMATION COVER SHEET

Please check <u>one</u> category that best describes this case for indexing purposes. Accurate case indexing not only saves time but helps in forecasting judicial resources. A faulty document fee of $15 will be assessed to new case filings missing this sheet pursuant to Administrative Rule 2 and King County Code 4.71.100.

**ADOPTION/PATERNITY**

- [ ] Adoption (ADP 5)
- [ ] Challenge to Acknowledgment of Paternity (PAT 5)*
- [ ] Challenge to Denial of Paternity (PAT 5)*
- [ ] Confidential Intermediary (MSC 5)
- [ ] Establish Parenting Plan-Existing King County Paternity (MSC 5)*
- [ ] Initial Pre-Placement Report (PPR 5)
- [ ] Modification (MOD 5)*
- [ ] Modification-Support Only (MDS 5)*
- [ ] Paternity, Establish/Disestablish  (PAT 5)*
- [ ] Paternity/UIFSA (PUR 5)*
- [ ] Out-of-State Custody Order Registration  (OSC 5)
- [ ] Out-of-State Support Order Registration (FJU5)
- [ ] Relinquishment (REL 5)
- [ ] Relocation Objection/Modification (MOD 5)*
- [ ] Rescission of Acknowledgment of Paternity (PAT 5)*
- [ ] Rescission of Denial of Paternity (PAT 5)*
- [ ] Termination of Parent-Child Relationship (TER 5)

**APPEAL/REVIEW**

- [ ] Administrative Law Review (ALR 2)*
- [ ] DOL Implied Consent–Test Refusal – only RCW 46.20.308 (DOL 2)*

**CONTRACT/COMMERCIAL**

- [ ] Breach of Contract (COM 2)*
- [ ] Commercial Contract (COM 2)*
- [ ] Commercial Non-Contract (COL 2)*
- [ ] Meretricious Relationship With No Children (MER 2)* and Not Pregnant
- [ ] Third Party Collection (COL 2)*
- [ ] Breach of Contract (COM 2)*

**DOMESTIC RELATIONS**

- [ ] Annulment/Invalidity (INV3)* with dependent children? Y / N; wife pregnant? Y / N
- [ ] Nonparental Custody (CUS 3)*
- [ ] Dissolution With Children  (DIC 3)*
- [ ] Dissolution With No Children (DIN 3)* wife pregnant? Y / N
- [ ] Enforcement/Show Cause- Out of County (MSC 3)
- [ ] Establish Residential Sched/Parenting Plan(PPS 3)* ££
- [ ] Establish Supprt Only (PPS 3)* ££
- [ ] Legal Separation (SEP 3)* with dependent children? Y / N; wife pregnant? Y / N
- [ ] Mandatory Wage Assignment (MWA 3)
- [ ] Modification (MOD 3)*
- [ ] Modification - Support Only (MDS 3)*
- [ ] Out-of-state Custody Order Registration (OSC 3)
- [ ] Out-of-State Support Court Order Registration (FJU 3)
- [ ] Relocation Objection/Modification (MOD 3)*

**DOMESTIC VIOLENCE/ANTIHARASSMENT**

- [ ] Civil Harassment (HAR 2)
- [ ] Confidential Name Change (CHN 5)
- [ ] Domestic Violence (DVP 2)
- [ ] Domestic Violence with Children (DVC 2)
- [ ] Foreign Protection Order (FPO 2)
- [ ] Sexual Assault Protection Order (SXP 2)
- [ ] Vulnerable Adult Protection (VAP 2)

**JUDGMENT**

- [ ] Confession of Judgment (MSC 2)*
- [ ] Judgment, Another County, Abstract (ABJ 2)
- [ ] Judgment, Another State or Country (FJU 2)
- [ ] Tax Warrant (TAX 2)
- [ ] Transcript of Judgment (TRJ 2)

££ Paternity Affidavit or Existing/Paternity is not an issue and NO other case exists in King County    * The filing party will be given an appropriate case schedule at time of filing.   ** Case schedule will be issued after hearing and findings.

40

KING COUNTY SUPERIOR COURT
CASE ASSIGNMENT DESIGNATION
and
CASE INFORMATION COVER SHEET

Please check one category that best describes this case for indexing purposes.

**PROPERTY RIGHTS**

- [ ] Condemnation/Eminent Domain (CON 2)*
- [ ] Foreclosure (FOR 2)*
- [ ] Land Use Petition (LUP 2)*
- [ ] Property Fairness (PFA 2)*
- [ ] Quiet Title (QTI 2)*
- [ ] Unlawful Detainer (UND 2)

**OTHER COMPLAINT/PETITION**

- [ ] Action to Compel/Confirm Private Binding Arbitration (MSC 2)
- [ ] Certificate of Rehabilitation (MSC 2)
- [ ] Change of Name (CHN 2)
- [ ] Deposit of Surplus Funds (MSC 2)
- [ ] Emancipation of Minor (EOM 2)
- [ ] Frivolous Claim of Lien (MSC 2)
- [ ] Injunction (INJ 2)*
- [ ] Interpleader (MSC 2)
- [ ] Malicious Harassment (MHA 2)*
- [ ] Non-Judicial Filing (MSC 2)
- [ ] Other Complaint/Petition(MSC 2)*
- [ ] Seizure of Property from the Commission of a Crime (SPC 2)*
- [ ] Seizure of Property Resulting from a Crime (SPR 2)*
- [ ] Structured Settlements (MSC 2)*
- [ ] Subpoena (MSC 2)

**PROBATE/GUARDIANSHIP**

- [ ] Absentee (ABS 4)
- [ ] Disclaimer (DSC4)
- [ ] Estate (EST 4)
- [ ] Foreign Will (FNW 4)
- [ ] Guardian (GDN4)
- [ ] Limited Guardianship (LGD 4)
- [ ] Minor Settlement  (MST 4)
- [ ] Notice to Creditors – Only (NNC 4)
- [ ] Trust (TRS 4)
- [ ] Trust Estate Dispute Resolution Act/POA (TDR 4)
- [ ] Will Only—Deceased  (WLL4)

**TORT, ASBESTOS**

- [ ] Personal Injury-Schroeter Goldmark (PIN 2)*
- [ ] Personal Injury- Other (PIN 2)
- [ ] Wrongful Death- -Schroeter Goldmark (WDE 2)*
- [ ] Wrongful Death- Other (WDE 2)

**TORT, MEDICAL MALPRACTICE**

- [ ] Hospital (MED 2)*
- [ ] Medical Doctor (MED 2)*
- [ ] Other Health Care Professional (MED 2)*

**TORT, MOTOR VEHICLE**

- [ ] Death (TMV 2)*
- [ ] Non-Death Injuries (TMV 2)*
- [ ] Property Damage Only (TMV 2)*
- [ ] Victims Vehicle Theft (VVT 2)*

**TORT, NON-MOTOR VEHICLE**

- [ ] Implants (PIN 2)
- [ ] Other Malpractice (MAL 2)*
- [x] Personal Injury (PIN 2)*
- [ ] Products Liability (TTO 2)*
- [ ] Property Damage (PRP 2)*
- [ ] Tort, Other (TTO 2)*

**WRIT**

- [ ] Habeas Corpus (WHC 2)
- [ ] Mandamus (WRM 2)**
- [ ] Review (WRV 2)**

*The filing party will be given an appropriate case schedule at time of filing.   ** Case schedule will be issued after hearing   and findings

L: forms/cashiers/cics  Rev. 03/08

3

RECEIVED
In King County Superior Court Clerk's Office

JUN 18 2008

Cashier Section
Superior Court Clerk

SUPERIOR COURT OF WASHINGTON IN AND FOR KING COUNTY

MADHURI PATEL, individually and on behalf
of AMANDA HINGORANI, a
developmentally disabled minor,

                              Plaintiff,

        v.

KENT SCHOOL DISTRICT, a Washington
municipal corporation; KENT YOUTH AND
FAMILY SERVICES, a Washington
corporation and healthcare provider; MARNEE
CRAWFORD, a healthcare provider; and
DENNIS BALLINGER, a healthcare provider,

                              Defendants.

No. 08 - 2 - 20 67 1 - 8 KNT

JURY DEMAND

        Pursuant to CR 38(b), Plaintiff hereby demands a trial by a jury of twelve persons of any

and all claims and issues triable of right by a jury.

        DATED this 18th day of June, 2008

                                        HAGENS BERMAN SOBOL SHAPIRO LLP
                                        Attorneys for Plaintiff

                                        By _____
                                        David P. Moody, WSBA #22853
                                        Anthony D. Shapiro, WSBA #12824
                                        Martin D. McLean, WSBA #33269

JURY DEMAND - 1

003020-11 244655 V1

HB
HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 ● SEATTLE, WA 98101
TELEPHONE (206) 623-7292 ● FACSIMILE (206) 623-0594

42

1                                                               **Judge Kimberley Prochnau**

2

3

4

5

6                    IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
                           IN AND FOR THE COUNTY OF KING
7

8   MADHURI PATEL, individually and on          No. 08-2-20671-8 KNT
    behalf of AMANDA HINGORANI, a
    developmentally disabled minor,             **KENT SCHOOL DISTRICT'S**
9                                               **NOTICE OF APPEARANCE**
                                    Plaintiff,
10

11         v.

12  KENT SCHOOL DISTRICT, a Washington
    municipal corporation; KENT YOUTH AND
13  FAMILY SERVICES, a Washington
    corporation and healthcare provider;
14  MARNEE CRAWFORD, a healthcare
    provider; and DENNIS BALLINGER, a
    healthcare provider,
15
                                    Defendants.
16

17  TO:          Clerk of the Court

18  AND TO:      David P. Moody, Counsel for Plaintiff

19         YOU ARE HEREBY NOTIFIED that the Defendant Kent School District, appears in this

20  action by the law firm of Northcraft, Bigby & Biggs, P.C., by the undersigned attorney.   All

21  pleadings, notices, and other papers in this action, exclusive of process, should be served at the

22  address stated below.

23         DATED this 25th day of June, 2008.

24                                              NORTHCRAFT, BIGBY & BIGGS, P.C.

25
                                                By: _Aaron Bigby_ #29271
26                                              For: Mark S. Northcraft, WSBA #7888
                                                Attorney for Defendant Kent School District

KENT SCHOOL DISTRICT'S
NOTICE OF APPEARANCE
w:\hingorani\pld\appear.not

1                                                                                          **Judge Kimberley Prochnau**

2

3

4

5

6

7                          IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
                                      IN AND FOR THE COUNTY OF KING

8     MADHURI PATEL, individually and on              No. 08-2-20671-8 KNT
      behalf of AMANDA HINGORANI, a
9     developmentally disabled minor,                 **DECLARATION OF SERVICE**

10                                        Plaintiff,

11            v.

12    KENT SCHOOL DISTRICT, a Washington
      municipal corporation; KENT YOUTH AND
13    FAMILY SERVICES, a Washington
      corporation and healthcare provider;
14    MARNEE CRAWFORD, a healthcare
      provider; and DENNIS BALLINGER, a
15    healthcare provider,

16                                        Defendants.

17
              I, Lilly B. Tang, hereby certify under penalty of perjury under the laws of the state of
18
      Washington that on June 25, 2008, I filed with the Court via U.S. Mail, postage prepaid thereon
19
      and properly addressed, the originals of the following documents:
20
                      1.      Kent School District's Notice of Appearance; and
21                    2.      Declaration of Service

22    and served copies via U.S. Mail upon:

23    David P. Moody
      Hagens Berman Sobol Shapiro LLP
24    1301 Fifth Avenue, Suite 2900
      Seattle, WA  98101
25
              SIGNED in Seattle, Washington on June 25, 2008.
26
                                                  _Lilly B. Tang_
                                                  Lilly B. Tang

**44**

**DECLARATION OF SERVICE**                              NORTHCRAFT, BIGBY & BIGGS, P.C.
w:\hingorani\                                                      819 Virginia Street / Suite C-2
                                                                         Seattle, WA  98101
                                                                         tel:  206.623.0229
                                                                         fax:  206.623.0234

FILED

2008 JUN 26  AM 9: 37

. . . . . TY
. . . . . . COURT CLERK
SEATTLE. WA.

SUPERIOR COURT, STATE OF WASHINGTON, COUNTY OF KING

MADHURI PATEL, individually and on behalf of
AMANDA HINGORANI, a developmentally disabled
minor,

                                        Plaintiff(s),

Vs.

KENT SCHOOL DISTRICT, a Washington municipal
corporation; et al.,

                                        Defendant(s).

NO. 08-2-20671-8 KNT

AFFIDAVIT OF SERVICE OF: SUMMONS TO
DEFENDANT BALLINGER; SUMMONS TO
DEFENDANT KENT YOUTH & FAMILY SERVICES;
COMPLAINT FOR DAMAGES; COMPLAINT FOR
DAMAGES; JURY DEMAND; JURY DEMAND;
CASE ASSIGNMENT DESIGNATION AND CASE
INFORMATION COVER SHEET; CASE
ASSIGNMENT DESIGNATION AND CASE
INFORMATION COVER SHEET; ORDER SETTING
CIVIL CASE SCHEDULE; ORDER SETTING CIVIL
CASE SCHEDULE.

STATE OF WASHINGTON      )
                         ) ss.
COUNTY OF KING           )

The undersigned, being first duly sworn, on oath states:

        That I am now, and at all times herein mentioned, was a citizen of the United States and a
resident of the State of Washington, over the age of 18 years, not a party to or interested in the above
entitled action, and am competent to be a witness therein.

        That at 11:45 A.M. on June 20th, 2008, at 232 Second Avenue, Suite 201, Kent, Washington, I
duly served the above-described documents in the above-described matter upon Dennis Ballinger and
Kent Youth And Family Services, by then and there personally delivering a true and correct copy thereof
by leaving the same with Dennis Ballinger, personally and as Director of Kent Youth and Family
Services.

MARSHALL SCOTT WARNER      KING CO. # 020333  JUN 24 2008

| Service Fees: | 12.00 |
| Ferry tolls: | |
| Travel: | 21.00 |
| SSA: | |
| Trace: | |
| Bad Address: | |
| Aff./Notary Fee: | 12.00 |
| Special Fee: | 30.00 |
| Wait: | 8.50 |
| TOTAL  $ | 83.50 |

SUBSCRIBED AND SWORN to before me on:

WILLIAM P. LUTKUS
NOTARY PUBLIC in and for the State
of Washington residing at: Seattle.
My commission expires: 10-01-10.

45



SUPERIOR COURT OF WASHINGTON IN AND FOR KING COUNTY

MADHURI PATEL, individually and on behalf
of AMANDA HINGORANI, a
developmentally disabled minor,

                            Plaintiff,

     v.

KENT SCHOOL DISTRICT, a Washington
municipal corporation; KENT YOUTH AND
FAMILY SERVICES, a Washington
corporation and healthcare provider; MARNEE
CRAWFORD, a healthcare provider; and
DENNIS BALLINGER, a healthcare provider,

                           Defendants.

No. 08-2-20671-8KNT

SUMMONS

DEFENDANT BALLINGER

THE STATE OF WASHINGTON, TO:

    **DENNIS BALLINGER**
    KENT YOUTH AND FAMILY SERVICES
    232 2nd Avenue, #201
    Kent, Washington 98032
    **Phone:** (253) 859-0300
    **Fax:** (253) 859-0745

    A lawsuit has been started against you in the above-entitled court by plaintiff. Plaintiff's

claims are stated in the written complaint, a copy of which is served upon you with this

summons.

SUMMONS - 1



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 Fifth Avenue, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

003020-11 244626 V1

46

RECEIVED
In King County Superior Court Clerk's Office

JUN 18 2008

Cashier Section
Superior Court Clerk

SUPERIOR COURT OF WASHINGTON IN AND FOR KING COUNTY

MADHURI PATEL, individually and on behalf
of AMANDA HINGORANI, a
developmentally disabled minor,

                             Plaintiff,

    v.

KENT SCHOOL DISTRICT, a Washington
municipal corporation; KENT YOUTH AND
FAMILY SERVICES, a Washington
corporation and healthcare provider; MARNEE
CRAWFORD, a healthcare provider; and
DENNIS BALLINGER, a healthcare provider,

                           Defendants.

No. 08-2-20671-2 SEA

SUMMONS

DEFENDANT KENT YOUTH &
FAMILY SERVICES

THE STATE OF WASHINGTON, TO:

**KENT YOUTH AND FAMILY SERVICES**
C/O DENNIS BALLINGER, DIRECTOR
232 2nd Avenue, #201
Kent, Washington 98032
**Phone:** (253) 859-0300
**Fax:** (253) 859-0745

    A lawsuit has been started against you in the above-entitled court by plaintiff.  Plaintiff's

claims are stated in the written complaint, a copy of which is served upon you with this

summons.

SUMMONS - 1



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

003020-11 244621 V1

47

FILED

2008 JUN 26  AM 9: 37

KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA.

SUPERIOR COURT, STATE OF WASHINGTON, COUNTY OF KING

| | |
|---|---|
| MADHURI PATEL, individually and on behalf of AMANDA HINGORANI, a developmentally disabled minor,<br><br>Plaintiff(s),<br><br>Vs.<br><br>KENT SCHOOL DISTRICT, a Washington municipal corporation; et al.,<br><br>Defendant(s). | NO.  08-2-20671-8 KNT<br><br>AFFIDAVIT OF SERVICE OF: SUMMONS TO DEFENDANT CRAWFORD; COMPLAINT FOR DAMAGES; JURY DEMAND; CASE ASSIGNMENT DESIGNATION AND CASE INFORMATION COVER SHEET; ORDER SETTING CIVIL CASE SCHEDULE. |

STATE OF WASHINGTON    )
                       ) ss.
COUNTY OF KING         )

The undersigned, being first duly sworn, on oath states:

That I am now, and at all times herein mentioned, was a citizen of the United States and a resident of the State of Washington, over the age of 18 years, not a party to or interested in the above entitled action, and am competent to be a witness therein.

That at 12:59 P.M. on June 21ˢᵗ, 2008, at 9202 14ᵗʰ Avenue Southwest, Seattle, Washington, I duly served the above-described documents in the above-described matter upon Marnee Crawford, by then and there personally delivering a true and correct copy thereof by leaving the same with Marnee Crawford, personally.

WILLIAM LUTKUS      KING CO. # 9307249

| | |
|---|---|
| Service Fees: | 12.00 |
| Ferry tolls: | |
| Travel: | 21.00 |
| SSA: | 60.00 |
| Trace: | |
| Bad Address: | |
| Aff./Notary Fee: | 12.00 |
| Special Fee: | 30.00 |
| Wait: | |
| TOTAL  $ | 135.00 |

SUBSCRIBED AND SWORN to before me on: 6/24/08

TOM R. BICE
NOTARY PUBLIC in and for the State
of Washington residing at: Edmonds.
My commission expires: 03-09-09.

48

1

2

3

4

5

6

7         SUPERIOR COURT OF WASHINGTON IN AND FOR KING COUNTY

8

9    MADHURI PATEL, individually and on behalf
     of AMANDA HINGORANI, a                          No. 08 - 2 - 20 67 1 - 8 NMT
10   developmentally disabled minor,

11                                  Plaintiff,       SUMMONS

12           v.

13   KENT SCHOOL DISTRICT, a Washington              DEFENDANT CRAWFORD
     municipal corporation; KENT YOUTH AND
14   FAMILY SERVICES, a Washington
     corporation and healthcare provider; MARNEE
15   CRAWFORD, a healthcare provider; and
     DENNIS BALLINGER, a healthcare provider,
16
                                    Defendants.
17

18
     THE STATE OF WASHINGTON, TO:
19
              **MARNEE CRAWFORD**
20            9202 14th Avenue SW
              Seattle, Washington  98106
21

22            A lawsuit has been started against you in the above-entitled court by plaintiff.  Plaintiff's

23   claims are stated in the written complaint, a copy of which is served upon you with this

24   summons.

25            In order to defend against this lawsuit, you must respond to the complaint by stating your

26   defense in writing and serve a copy upon the undersigned attorney for the plaintiff within 20

SUMMONS - 1

HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900 • Seattle, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

003020-11  244635 V1

49



FILED

2008 JUN 26 AM 9: 37

SUPERIOR COURT CLERK
SEATTLE. WA.

SUPERIOR COURT, STATE OF WASHINGTON, COUNTY OF KING

MADHURI PATEL, individually and on behalf of AMANDA HINGORANI, a developmentally disabled minor,

Plaintiff(s),

Vs.

KENT SCHOOL DISTRICT, a Washington municipal corporation; et al.,

Defendant(s).

NO. 08-2-20671-8 KNT

AFFIDAVIT OF SERVICE OF: SUMMONS TO DEFENDANT KENT SCHOOL DISTRICT; COMPLAINT FOR DAMAGES; JURY DEMAND; CASE ASSIGNMENT DESIGNATION AND CASE INFORMATION COVER SHEET; ORDER SETTING CIVIL CASE SCHEDULE.

STATE OF WASHINGTON )
                     ) ss.
COUNTY OF KING       )

The undersigned, being first duly sworn, on oath states:

That I am now, and at all times herein mentioned, was a citizen of the United States and a resident of the State of Washington, over the age of 18 years, not a party to or interested in the above entitled action, and am competent to be a witness therein.

That at 12:15 P.M. on June 20th, 2008, at 12033 Southeast 256th Street, Kent, Washington, I duly served the above-described documents in the above-described matter upon Kent School District, by then and there personally delivering a true and correct copy thereof by leaving the same with Charles W. Lind, General Counsel, in the absence of Barbara Grohe, Superintendent, who was not in at the time.

MARSHALL SCOTT WARNER       KING CO. # 0203337

| | | |
|---|---|---|
| Service Fees: | 12.00 | |
| Ferry tolls: | | |
| Travel: | 21.00 | |
| SSA: | | |
| Trace: | | |
| Bad Address: | | |
| Aff./Notary Fee: | 12.00 | |
| Special Fee: | 30.00 | |
| Wait: | 12.50 | |
| TOTAL $ | 87.50 | |

SUBSCRIBED AND SWORN to before me on: JUN 24 2008

WILLIAM P. LUTKUS
NOTARY PUBLIC in and for the State of Washington residing at: Seattle.
My commission expires: 10-01-10.

50

1

2

3

4

5

6

7         SUPERIOR COURT OF WASHINGTON IN AND FOR KING COUNTY

8

9   MADHURI PATEL, individually and on behalf
    of AMANDA HINGORANI, a
10  developmentally disabled minor,                    No.

11                              Plaintiff,             SUMMONS

12          v.

13  KENT SCHOOL DISTRICT, a Washington                DEFENDANT KENT SCHOOL
    municipal corporation; KENT YOUTH AND             DISTRICT
14  FAMILY SERVICES, a Washington
    corporation and healthcare provider; MARNEE
15  CRAWFORD, a healthcare provider; and
    DENNIS BALLINGER, a healthcare provider,
16
                                Defendants.
17

18

19
    THE STATE OF WASHINGTON, TO:
20
         **KENT SCHOOL DISTRICT**
21       C/O BARBARA GROHE, SUPERINTENDANT
         12033 Southeast 256th
22       Kent, Washington 98031
         **Phone:** (253) 373-7701
23       **Fax:** (253) 373-7231

24          A lawsuit has been started against you in the above-entitled court by plaintiff. Plaintiff's

25  claims are stated in the written complaint, a copy of which is served upon you with this

26  summons.

    SUMMONS - 1



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

003020-11 244615 V1

1
2
3
4
5
6
7
8
9

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| 10  MADHURI PATEL, individually and on behalf of AMANDA HINGORANI, a developmentally disabled minor, | No.   08-2-20671-8KNT |
| 12  | NOTICE OF APPEARANCE FOR DEFENDANTS KENT YOUTH AND FAMILY SERVICES, MARNEE CRAWFORD AND DENNIS BALLINGER |
| 13                      Plaintiffs, | |
| 14  vs. | |
| 15 | |
| 16  KENT SCHOOL DISTRICT, a Washington municipal corporation; KENT YOUTH AND FAMILY SERVICES, a Washington corporation and healthcare provider; MARNEE CRAWFORD, a healthcare provider; and DENNIS BALLINGER, , a healthcare provider, | |
| 20 | |
| 21                      Defendants. | |

22
23   **TO:    MADHURI PATEL, Plaintiff**

24   **TO:    DAVID P. MOODY, ANTHONY D. SHAPIRO AND MARTIN D. McLEAN, Attorneys for Plaintiff**

25

26        COME NOW Defendants, Kent Youth and Family Services, Marnee Crawford and

27   Dennis Ballinger, and herewith enters an appearance in the above-entitled action through

28   Michael E. McFarland, Jr., of Evans, Craven & Lackie, P.S., attorneys of record, and requests

29

30   NOTICE OF APPEARANCE  - Page 1

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

1   that all further pleadings herein, exclusive of process, by served upon said attorneys at their

2   office address stated below.

3

4                               Michael E. McFarland, Jr.
5                               Evans, Craven & Lackie, P.S.
6                               818 W. Riverside, Suite 250
                                Spokane, WA  99201
7

8       The Defendants hereby specifically reserve all defenses as to lack of jurisdiction,

9   improper venue, insufficiency of process or any other defenses available to these Defendants.

10      DATED this _____ day of June, 2008.

11

12                              EVANS, CRAVEN & LACKIE, P.S.

13

14                              By _____
15                                  MICHAEL E. McFARLAND, JR., #23000
16                                  Attorneys for Kent Youth and Family Services,
                                    Marnee Crawford and Dennis Ballinger
17

18

19

20

21

22

23

24

25

26

27

28

29

30  NOTICE OF APPEARANCE  - Page 2

53

CERTIFICATE OF SERVICE

Pursuant to RCW 9A.72.085, the undersigned hereby certifies under penalty of perjury under the laws of the state of Washington, that on the 26th day of June, 2008, the foregoing was delivered to the following persons in manner indicated:

| | | |
|---|---|---|
| David P. Moody | Via Regular Mail | [X] |
| Anthony D. Shapiro | Via Certified Mail | [ ] |
| Martin D. McLean | Via Overnight Delivery | [ ] |
| Hagens Berman Sobol Shapiro | Via Facsimile | [ ] |
| 1301 5th Avenue, Suite 2900 | Hand Delivered | [ ] |
| Seattle, WA 98101-2609 | | |

| | | |
|---|---|---|
| Mark Northcraft | Via Regular Mail | [X] |
| Northcraft Bigby & Biggs PC | Via Certified Mail | [ ] |
| 819 Virginia Street, Suite C-2 | Via Overnight Delivery | [ ] |
| Seattle, WA 98101-4421 | Via Facsimile | [ ] |
| | Hand Delivered | [ ] |

NOTICE OF APPEARANCE  - Page 3

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

RECEIVED

JUL 0 7 2008

HAGENS BERMAN, LLP

IN THE SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

MADHURI PATEL, individually and on behalf of AMANDA HINGORANI, a developmentally disabled minor,

              Plaintiff,

    v.

KENT SCHOOL DISTRICT, a Washington municipal corporation; KENT YOUTH AND FAMILY SERVICES, a Washington corporation and healthcare provider; MARNEE CRAWFORD, a healthcare provider; and DENNIS BALLINGER, a healthcare provider,

              Defendants.

NO. 08-2-20671-8 KNT

NOTICE OF APPEARANCE

TO:      Madhuri Patel, plaintiff
AND TO:  David P. Moody, plaintiff's attorney

    YOU AND EACH OF YOU WILL PLEASE TAKE NOTICE that Frank Siderius, of Siderius, Lonergan & Martin, LLP, hereby appears for Marnee Crawford in the above entitled cause and without waiving the defense of insufficiency of service of process, requests that all further papers and pleadings herein be served upon the undersigned attorney at the address below stated.

    DATED this 2nd day of July, 2008.

                               Frank R. Siderius, of
                               SIDERIUS, LONERGAN & MARTIN, LLP
                               Attorneys for Defendant
                               WSBA #7759

NOTICE OF APPEARANCE - 1

SIDERIUS LONERGAN & MARTIN, LLP
ATTORNEYS AT LAW
500 UNION STREET
SUITE 847
SEATTLE, WASHINGTON 98101
(206) 624-2800
FAX (206) 624-7808

1
**Judge Kimberley Prochnau**

2

3

4

5

6

7

8              IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
                        IN AND FOR THE COUNTY OF KING
9

10   MADHURI PATEL, individually and on        No. 08-2-20671-8 KNT
     behalf of AMANDA HINGORANI, a
     developmentally disabled minor,           **ANSWER OF KENT SCHOOL**
11                                             **DISTRICT TO COMPLAINT FOR**
                              Plaintiff,       **DAMAGES**
12

13        v.

14   KENT SCHOOL DISTRICT, a Washington
     municipal corporation; KENT YOUTH AND
15   FAMILY SERVICES, a Washington
     corporation and healthcare provider;
     MARNEE CRAWFORD, a healthcare
16   provider; and DENNIS BALLINGER, a
     healthcare provider,
17
                              Defendants.
18

19        COMES NOW the Defendant, Kent School District ("KSD"), by and through its attorneys,

20   Northcraft, Bigby & Biggs, P.C., and in answer to Complaint for Damages ("Complaint") admits,

21   denies, and alleges as follows:

22                               **I. INCORPORATION**

23        1.     By this reference, each paragraph contained herein is incorporated as support for each

24   paragraph which follows.

25                                  **II. PLAINTIFF**

26        2.     In answer to paragraph 2 of the Complaint, KSD admits the same.

**ANSWER OF KENT SCHOOL DISTRICT**
**TO COMPLAINT FOR DAMAGES - 1**
w:\hingorani\pld\answer.001

NORTHCRAFT, BIGBY & BIGGS, P.C.
819 Virginia Street / Suite C-2
Seattle, WA  98101
tel:  206.623.0229
fax:  206.623.0234

56

1    3.      In answer to paragraph 3 of the Complaint, KSD lacks sufficient information as to
2    the truth or falsity thereof and can neither admit or deny the same.

3                           **III.  KENT SCHOOL DISTRICT**

4    4.      In answer to paragraph 4 of the Complaint, KSD admits the same.

5              **IV.  DEFENDANT KENT YOUR (SIC) AND FAMILY SERVICES**

6    5.      In answer to paragraph 5 of the Complaint, KSD lacks sufficient information as to
7    the truth or falsity thereof and can neither admit or deny the same.

8                            **V.  DEFENDANT BALLINGER**

9    6.      In answer to paragraph 6 of the Complaint, KSD lacks sufficient information as to
10   the truth or falsity thereof and can neither admit or deny the same.

11                           **VI.  DEFENDANT CRAWFORD**

12   7.      In answer to paragraph 7 of the Complaint, KSD lacks sufficient information as to
13   the truth or falsity thereof and can neither admit or deny the same.

14                        **VII.  VENUE AND JURISDICTION**

15   8.      In answer to paragraph 8 of the Complaint, KSD admits the same.

16   9.      In answer to paragraph 9 of the Complaint, KSD lacks sufficient information as to
17   the truth or falsity thereof and can neither admit or deny the same.

18   10.     In answer to paragraph 10 of the Complaint, KSD lacks sufficient information as to
19   the truth or falsity thereof and can neither admit or deny the same.

20   11.     In answer to paragraph 11 of the Complaint, KSD lacks sufficient information as to
21   the truth or falsity thereof and can neither admit or deny the same.

22   12.     In answer to paragraph 12 of the Complaint, KSD admits that Plaintiff has
23   incorporated Certificates of Merit.

24   13.     In answer to paragraph 13 of the Complaint, KSD admits the same.

25   14.     In answer to paragraph 14 of the Complaint, KSD admits the same.

26

**ANSWER OF KENT SCHOOL DISTRICT**
**TO COMPLAINT FOR DAMAGES - 2**
w:\hingorani\pld\answer.001

NORTHCRAFT, BIGBY & BIGGS, P.C.
819 Virginia Street / Suite C-2
Seattle, WA 98101
*tel:* 206.623.0229
*fax:* 206.623.0234



## VIII.  FACTUAL SUMMARY: KENT SCHOOL DISTRICT

15.     In answer to paragraph 15 of the Complaint, KSD admits the same.

16.     In answer to paragraph 16 of the Complaint, KSD admits the same.

17.     In answer to paragraph 17 of the Complaint, KSD admits the same.

18.     In answer to paragraph 18 of the Complaint, KSD admits the same.

19.     In answer to paragraph 19 of the Complaint, KSD admits the same.

20.     In answer to paragraph 20 of the Complaint, KSD admits the same.

21.     In answer to paragraph 21 of the Complaint, KSD admits that Plaintiff informed the school psychologist that "Amanda sometimes demonstrates unsafe behaviors".  As to the remainder of the allegations in paragraph 21 of the Complaint, KSD denies the same.

22.     In answer to paragraph 22 of the Complaint, KSD admits that Plaintiff informed the school psychologist that "Amanda is not aware of the potential danger of situations and does not necessarily use caution when encountering risky situations."  As to the remainder of the allegations in paragraph 22 of the Complaint, KSD denies the same.

23.     In answer to paragraph 23 of the Complaint, KSD denies the same.

24.     In answer to paragraph 24 of the Complaint, KSD admits the existence of a note to Amanda Hingorani concerning stealing money from her mother and that the content of the note speaks for itself.

25.     In answer to paragraph 25 of the Complaint, KSD admits the same.

26.     In answer to paragraph 26 of the Complaint, KSD denies the same.

27.     In answer to paragraph 27 of the Complaint, KSD admits the emails speak for themselves.

28.     In answer to paragraph 28 of the Complaint, KSD admits the same.

29.     In answer to paragraph 29 of the Complaint, KSD admits that the emails were presented to the KHS administration.



NORTHCRAFT, BIGBY & BIGGS, P.C.
819 Virginia Street / Suite C-2
Seattle, WA  98101
tel:  206.623.0229
fax:  206.623.0234

30.     In answer to paragraph 30 of the Complaint, KSD admits that Madhuri removed Amanda from school.  As to the remainder of the allegations in paragraph 30 of the Complaint, KSD lacks sufficient information as to the truth or falsity thereof and therefore denies the same.

31.     In answer to paragraph 31 of the Complaint, KSD admits the same.

32.     In answer to paragraph 32 of the Complaint, KSD denies the same.

33.     In answer to paragraph 33 of the Complaint, KSD lacks sufficient information as to the truth or falsity thereof and therefore denies the same.

34.     In answer to paragraph 34 of the Complaint, KSD admits the same.

35.     In answer to paragraph 35 of the Complaint, KSD admits the same, except that there is no indication in the record of the meeting of this date that "sexual exploitation" was discussed.

36.     In answer to paragraph 36 of the Complaint, KSD admits the same.

37.     In answer to paragraph 37 of the Complaint, KSD admits that it acknowledged that "Amanda is vulnerable to exploitation as file records indicate"; that "staff escorts Amanda to and from her classes. Upon arrival at school, Amanda is escorted to her first class.  At days end she is walked to her bus.  In this way, staff is able to provide the safety and close monitoring needed."  As to the remainder of the allegations in paragraph 37 of the Complaint, KSD lacks sufficient information as to the truth or falsity thereof and therefore denies the same.

38.     In answer to paragraph 38 of the Complaint, KSD admits the same.

39.     In answer to paragraph 39 of the Complaint, KSD admits the same.

40.     In answer to paragraph 40 of the Complaint, KSD admits the same.

41.     In answer to paragraph 41 of the Complaint, KSD denies the same.

42.     In answer to paragraph 42 of the Complaint, KSD denies the same.

43.     In answer to paragraph 43 of the Complaint, KSD admits that on March 1, 2007, Ms. Baldan wrote an email to Ms. Wilhelm in which she stated, "I noticed Amanda Hingorani was VERY aware of his presence" in reference to a new student added to the class.



**ANSWER OF KENT SCHOOL DISTRICT**
**TO COMPLAINT FOR DAMAGES - 4**
w:\hingorani\pld\answer.001

NORTHCRAFT, BIGBY & BIGGS, P.C.
819 Virginia Street / Suite C-2
Seattle, WA 98101
*tel: 206.623.0229*
*fax: 206.623.0234*

44.     In answer to paragraph 44 of the Complaint, KSD admits that on April 4, 2007, in reference to a field trip of which Amanda Hedstrom was a participant, and who, along with Amanda Hingorani, were the subject of a no contact order, wrote, "The agreement we have with Hingorani's mom is that she be supervised at all times.  This even means that Hingorani and Hedstrom should not be in the restroom at the same time."

45.     In answer to paragraph 45 of the Complaint, KSD denies the same.

46.     In answer to paragraph 46 of the Complaint, KSD admits that on April 30, 2007, Ms. Grajewski wrote an email to Francine Wilhelm in which she wrote, "Please contact Amanda's mom and alert her about the bathroom incident!  This is serious."

47.     In answer to paragraph 47 of the Complaint, KSD admits that on April 30, 2007, Ms. Wilhelm sent an email to Madhuri Patel, the content of which speaks for itself.

48.     In answer to paragraph 48 of the Complaint, KSD admits that on April 30, 2007, Ms. Wilhelm sent an email to Madhuri Patel, the content of which speaks for itself.

49.     In answer to paragraph 49 of the Complaint, KSD denies the same.

50.     In answer to paragraph 50 of the Complaint, KSD lacks sufficient information as to the truth or falsity thereof and can neither admit nor deny the same.

51.     In answer to paragraph 51 of the Complaint, KSD admits that on May 2, 2007, Madhuri Patel sent an email to Mike Albrecht, the content of which speaks for itself.

52.     In answer to paragraph 52 of the Complaint, KSD admits that on May 2, 2007, Mike Albrecht sent an email to Jennifer Grajewski and Kimberley Edwards, the content of which speaks for itself.

53.     In answer to paragraph 53 of the Complaint, KSD admits that on May 2, 2007, Madhuri Patel sent an email to Francine Wilhelm, the content of which speaks for itself.

54.     In answer to paragraph 54 of the Complaint, KSD admits that on May 2, 2007, Francine Wilhelm forwarded the email referenced in paragraph 53 of the Complaint to Kimberley Edwards.



**ANSWER OF KENT SCHOOL DISTRICT**
**TO COMPLAINT FOR DAMAGES - 5**
w:\hingorani\pld\answer.001

NORTHCRAFT, BIGBY & BIGGS, P.C.
819 Virginia Street / Suite C-2
Seattle, WA  98101
tel:  206.623.0229
fax:  206.623.0234

1    55.    In answer to paragraph 55 of the Complaint, KSD admits that on May 2, 2007,

2    Jennifer Grajewski sent an email to Mike Albrecht and Kimberley Edwards, the content of which

3    speaks for itself.

4    56.    In answer to paragraph 56 of the Complaint, KSD admits that on May 14, 2007, Mike

5    Albrecht wrote a memorandum re: information and personal statement regarding Amanda Hingorani,

6    the content of which speaks for itself.

7    57.    In answer to paragraph 57 of the Complaint, KSD admits that on May 14, 2007, Kim

8    Edwards wrote a memorandum re: information and personal statement regarding Amanda Hingorani,

9    the content of which speaks for itself.

10   58.    In answer to paragraph 58 of the Complaint, KSD denies the same.

11   59.    In answer to paragraph 59 of the Complaint, KSD admits that Matthew Mills gave

12   a statement to the King County Sheriff's Department regarding the consensual sexual relations

13   between himself and Amanda Hingorani, the content of which speaks for itself.

14   60.    In answer to paragraph 60 of the Complaint, KSD admits that Matthew Mills gave

15   a statement to the King County Sheriff's Department regarding the consensual sexual relations

16   between himself and Amanda Hingorani, the content of which speaks for itself.

17   61.    In answer to paragraph 61 of the Complaint, KSD admits that Matthew Mills gave

18   a statement to the King County Sheriff's Department regarding the consensual sexual relations

19   between himself and Amanda Hingorani, the content of which speaks for itself.

20   62.    In answer to paragraph 62 of the Complaint, KSD admits that on May 3, 2007, Ms.

21   Wilhelm sent an email to Jennifer Grajewski regarding Amanda H. & Homework, the content of

22   which speaks for itself.

23   63.    In answer to paragraph 63 of the Complaint, KSD lacks sufficient information as to

24   the belief of the Plaintiff and can neither admit nor deny the same.

25   64.    In answer to paragraph 64 of the Complaint, KSD denies the same.

26

ANSWER OF KENT SCHOOL DISTRICT
TO COMPLAINT FOR DAMAGES - 6
w:\hingorani\pld\answer.001

NORTHCRAFT, BIGBY & BIGGS, P.C.
819 Virginia Street / Suite C-2
Seattle, WA  98101
tel:  206.623.0229
fax:  206.623.0234

1    65.    In answer to paragraph 65 of the Complaint, KSD lacks sufficient information as to

2    the truth or falsity thereof and can neither admit or deny the same.

3    **IX. FACTUAL SUMMARY: KENT YOUTH AND FAMILY SERVICES**

4    66.    In answer to paragraph 66 of the Complaint, KSD denies the same.

5    67.    In answer to paragraph 67 of the Complaint, KSD admits the same.

6    68.    In answer to paragraph 68 of the Complaint, KSD lacks sufficient information as to

7    the truth or falsity thereof and can neither admit or deny the same.

8    69.    In answer to paragraph 69 of the Complaint, KSD lacks sufficient information as to

9    the truth or falsity thereof and can neither admit or deny the same.

10    70.    In answer to paragraph 70 of the Complaint, KSD lacks sufficient information as to

11    the truth or falsity thereof and can neither admit or deny the same.

12    71.    In answer to paragraph 71 of the Complaint, KSD lacks sufficient information as to

13    the truth or falsity thereof and can neither admit or deny the same.

14    72.    In answer to paragraph 72 of the Complaint, KSD lacks sufficient information as to

15    the truth or falsity thereof and can neither admit or deny the same.

16    73.    In answer to paragraph 73 of the Complaint, KSD lacks sufficient information as to

17    the truth or falsity thereof and can neither admit or deny the same.

18    74.    In answer to paragraph 74 of the Complaint, KSD lacks sufficient information as to

19    the truth or falsity thereof and can neither admit or deny the same.

20    75.    In answer to paragraph 75 of the Complaint, KSD lacks sufficient information as to

21    the truth or falsity thereof and can neither admit or deny the same.

22    76.    In answer to paragraph 76 of the Complaint, KSD lacks sufficient information as to

23    the truth or falsity thereof and can neither admit or deny the same.

24    77.    In answer to paragraph 77 of the Complaint, KSD lacks sufficient information as to

25    the truth or falsity thereof and can neither admit or deny the same.

26

**ANSWER OF KENT SCHOOL DISTRICT**
**TO COMPLAINT FOR DAMAGES - 7**
w:\hingorani\pld\answer.001

NORTHCRAFT, BIGBY & BIGGS, P.C.
819 Virginia Street / Suite C-2
Seattle, WA  98101
tel:  206.623.0229
fax:  206.623.0234

1    78.    In answer to paragraph 78 of the Complaint, KSD lacks sufficient information as to

2    the truth or falsity thereof and can neither admit or deny the same.

3    79.    In answer to paragraph 79 of the Complaint, KSD lacks sufficient information as to

4    the truth or falsity thereof and can neither admit or deny the same.

5    80.    In answer to paragraph 80 of the Complaint, KSD lacks sufficient information as to

6    the truth or falsity thereof and can neither admit or deny the same.

7    81.    In answer to paragraph 81 of the Complaint, KSD lacks sufficient information as to

8    the truth or falsity thereof and can neither admit or deny the same.

9    82.    In answer to paragraph 82 of the Complaint, KSD lacks sufficient information as to

10   the truth or falsity thereof and can neither admit or deny the same.

11   83.    In answer to paragraph 83 of the Complaint, KSD lacks sufficient information as to

12   the truth or falsity thereof and can neither admit or deny the same.

13   84.    In answer to paragraph 84 of the Complaint, KSD lacks sufficient information as to

14   the truth or falsity thereof and can neither admit or deny the same.

15   85.    In answer to paragraph 85 of the Complaint, KSD lacks sufficient information as to

16   the truth or falsity thereof and can neither admit or deny the same.

17   86.    In answer to paragraph 86 of the Complaint, KSD lacks sufficient information as to

18   the truth or falsity thereof and can neither admit or deny the same.

19   87.    In answer to paragraph 87 of the Complaint, KSD lacks sufficient information as to

20   the truth or falsity thereof and can neither admit or deny the same.

21   88.    In answer to paragraph 88 of the Complaint, KSD lacks sufficient information as to

22   the truth or falsity thereof and can neither admit or deny the same.

23   89.    In answer to paragraph 89 of the Complaint, KSD lacks sufficient information as to

24   the truth or falsity thereof and can neither admit or deny the same.

25   90.    In answer to paragraph 90 of the Complaint, KSD lacks sufficient information as to

26   the truth or falsity thereof and can neither admit or deny the same.

ANSWER OF KENT SCHOOL DISTRICT
TO COMPLAINT FOR DAMAGES - 8
w:\hingorani\pld\answer.001

NORTHCRAFT, BIGBY & BIGGS, P.C.
819 Virginia Street / Suite C-2
Seattle, WA  98101
tel:  206.623.0229
fax:  206.623.0234

91.     In answer to paragraph 91 of the Complaint, KSD lacks sufficient information as to the truth or falsity thereof and can neither admit or deny the same.

92.     In answer to paragraph 92 of the Complaint, KSD lacks sufficient information as to the truth or falsity thereof and can neither admit or deny the same.

93.     In answer to paragraph 93 of the Complaint, KSD lacks sufficient information as to the truth or falsity thereof and can neither admit or deny the same.

94.     In answer to paragraph 94 of the Complaint, KSD admits that Madhuri Patel, Sally McLurg, Jeff Vanderport, Marnee Crawford, Kim Edwards, and Jennifer Grajewski participated in a meeting on September 13, 2006 regarding Amanda Hingorani.

95.     In answer to paragraph 95 of the Complaint, KSD admits that Madhuri Patel, Sally McLurg, Jeff Vanderport, Marnee Crawford, Kim Edwards, and Jennifer Grajewski participated in a meeting on September 13, 2006 regarding Amanda Hingorani.

96.     In answer to paragraph 96 of the Complaint, KSD lacks sufficient information as to the truth or falsity thereof and can neither admit or deny the same.

97.     In answer to paragraph 97 of the Complaint, KSD lacks sufficient information as to the truth or falsity thereof and can neither admit or deny the same.

98.     In answer to paragraph 98 of the Complaint, KSD lacks sufficient information as to the truth or falsity thereof and can neither admit or deny the same.

99.     In answer to paragraph 99 of the Complaint, KSD lacks sufficient information as to the truth or falsity thereof and can neither admit or deny the same.

100.    In answer to paragraph 100 of the Complaint, KSD lacks sufficient information as to the truth or falsity thereof and can neither admit or deny the same.

101.    In answer to paragraph 101 of the Complaint, KSD lacks sufficient information as to the truth or falsity thereof and can neither admit or deny the same.

102.    In answer to paragraph 102 of the Complaint, KSD lacks sufficient information as to the truth or falsity thereof and can neither admit or deny the same.



NORTHCRAFT, BIGBY & BIGGS, P.C.
819 Virginia Street / Suite C-2
Seattle, WA  98101
tel:  206.623.0229
fax:  206.623.0234

## X.  FIRST CAUSE OF ACTION:

## DEFENDANT KSD'S NEGLIGENCE

103.   In answer to paragraph 103 of the Complaint, KSD lacks sufficient information as to the truth or falsity thereof and can neither admit or deny the same.

104.   In answer to paragraph 104 of the Complaint, KSD denies the same.

105.   In answer to paragraph 105 of the Complaint, KSD denies the same.

## XI.  SECOND CAUSE OF ACTION:

## DEFENDANT KYFS' NEGLIGENCE

106.   In answer to paragraph 106 of the Complaint, KSD lacks sufficient information as to the truth or falsity thereof and can neither admit or deny the same.

107.   In answer to paragraph 107 of the Complaint, KSD lacks sufficient information as to the truth or falsity thereof and can neither admit or deny the same.

108.   In answer to paragraph 108 of the Complaint, KSD lacks sufficient information as to the truth or falsity thereof and can neither admit or deny the same.

## XII.  THIRD CAUSE OF ACTION:

## DEFENDANT CRAWFORD'S NEGLIGENCE

109.   In answer to paragraph 109 of the Complaint, KSD lacks sufficient information as to the truth or falsity thereof and can neither admit or deny the same.

110.   In answer to paragraph 110 of the Complaint, KSD lacks sufficient information as to the truth or falsity thereof and can neither admit or deny the same.

111.   In answer to paragraph 111 of the Complaint, KSD lacks sufficient information as to the truth or falsity thereof and can neither admit or deny the same.

## XIII.  FOURTH CAUSE OF ACTION:

## DEFENDANT BALLINGER'S NEGLIGENCE

112.   In answer to paragraph 112 of the Complaint, KSD lacks sufficient information as to the truth or falsity thereof and can neither admit or deny the same.



ANSWER OF KENT SCHOOL DISTRICT
TO COMPLAINT FOR DAMAGES - 10
w:\hingorani\pld\answer.001

NORTHCRAFT, BIGBY & BIGGS, P.C.
819 Virginia Street / Suite C-2
Seattle, WA  98101
tel:  206.623.0229
fax:  206.623.0234

1      113.    In answer to paragraph 113 of the Complaint, KSD lacks sufficient information as

2    to the truth or falsity thereof and can neither admit or deny the same.

3      114.    In answer to paragraph 114 of the Complaint, KSD lacks sufficient information as

4    to the truth or falsity thereof and can neither admit or deny the same.

5           **XIV.  FIFTH CAUSE OF ACTION: RCW 4.24.010**

6      115.    In answer to paragraph 115 of the Complaint, KSD lacks sufficient information as

7    to the truth or falsity thereof and can neither admit or deny the same.

8      116.    In answer to paragraph 116 of the Complaint, and as to the allegations against KSD,

9    KSD denies the same.  As to the remainder of the allegations contained in paragraph 116 of the

10    Complaint, KSD lacks sufficient information as to the truth or falsity thereof and can neither admit

11    or deny the same.

12      117.    In answer to paragraph 117 of the Complaint, and as to the allegations against KSD,

13    KSD denies the same.  As to the remainder of the allegations contained in paragraph 117 of the

14    Complaint, KSD lacks sufficient information as to the truth or falsity thereof and can neither admit

15    or deny the same.

16           **XV.  SIXTH CAUSE OF ACTION: RCW 26.44. ET SEQ.**

17      118.    In answer to paragraph 118 of the Complaint, and as to the allegations against KSD,

18    KSD denies the same.  As to the remainder of the allegations contained in paragraph 118 of the

19    Complaint, KSD lacks sufficient information as to the truth or falsity thereof and can neither admit

20    or deny the same.

21      119.    In answer to paragraph 119 of the Complaint, and as to the allegations against KSD,

22    KSD denies the same.  As to the remainder of the allegations contained in paragraph 119 of the

23    Complaint, KSD lacks sufficient information as to the truth or falsity thereof and can neither admit

24    or deny the same.

25      120.    In answer to paragraph 120 of the Complaint, and as to the allegations against KSD,

26    KSD denies the same.  As to the remainder of the allegations contained in paragraph 120 of the



**ANSWER OF KENT SCHOOL DISTRICT
TO COMPLAINT FOR DAMAGES - 11**
w:\hingorani\pld\answer.001

NORTHCRAFT, BIGBY & BIGGS, P.C.
819 Virginia Street / Suite C-2
Seattle, WA  98101
tel:  206.623.0229
fax:  206.623.0234

1    Complaint, KSD lacks sufficient information as to the truth or falsity thereof and can neither admit

2    or deny the same.

3                           XVI.   **AFFIRMATIVE DEFENSES**

4            BY WAY OF FURTHER ANSWER AND AFFIRMATIVE DEFENSES, KSD alleges as

5    follows:

6            121.    The alleged sexual activities upon which the Plaintiff bases her claims were consented

7    to by Amanda Hingorani.

8            122.    The injuries and damages, if any, claimed by the Plaintiff were proximately caused

9    by the fault thereof.

10           123.    The injuries and damages, if any, claimed by the Plaintiff were proximately caused

11   by the fault of the Plaintiff, including but not limited to the assumption of the risk thereof by

12   Amanda Hingorani.

13           124.    The injuries and damages, if any, claimed by the Plaintiff are barred to the extent the

14   Plaintiff has failed to mitigate said damages.

15           125.    The Plaintiff complains that alleged injuries and damages were allegedly caused by

16   the negligent or other wrongful acts of Defendants Kent Youth and Family Services, Crawford, and

17   Ballinger, and to the extent such allegations are true, then KSD is not jointly and severally liable for

18   the alleged injuries and damages caused thereby.

19           126.    The injuries and damages alleged by the Plaintiff were caused by the acts of persons

20   and entities over whom KSD had no control, were not the agents of KSD, and with whom KSD was

21   not acting in concert, including, but not limited to Defendants Kent Youth and Family Services,

22   Crawford, and Ballinger.  The acts of said persons and entity bar or reduce KSD's liability, if any,

23   herein.

24           127.    Pursuant to CR 12(i), KSD intends to claim for purposes of RCW 4.22.070(1) that

25   the injuries and damages, if any, about which the Plaintiff complains were caused by the intentional

26



**ANSWER OF KENT SCHOOL DISTRICT
TO COMPLAINT FOR DAMAGES - 12**
w:\hingorani\pld\answer.001

NORTHCRAFT, BIGBY & BIGGS, P.C.
819 Virginia Street / Suite C-2
Seattle, WA  98101
tel:  206.623.0229
fax:  206.623.0234

1    acts of Matt Mills, Amanda Hedstrom, Tayana Bryant, and Erik Warren, and by other unidentified

2    person(s) and KSD is not liable for injuries and damages caused thereby.

3         128.    The actions of KSD herein alleged as negligence manifest a reasonable exercise of

4    judgment and discretion by authorized public officials made in the exercise of governmental

5    authority entrusted to them by law and are neither tortious nor actionable.

6         129.    KSD, including its agents, at all times acted reasonably, lawfully, in good faith, and

7    without malice in the performance of their duties and are therefore immune from suit for the matters

8    alleged in the Plaintiff's complaint.

9         130    KSD reserves the right to amend its answer to allege any and all affirmative defenses

10    which may be asserted in answer to the allegations set forth in the Plaintiff's Complaint and/or those

11    facts which may come to light during discovery or at time of trial.

12        WHEREFORE, having fully answered the allegations contained in Plaintiff's Complaint,

13    KSD prays that said Complaint be dismissed with prejudice, that the costs of this proceeding be

14    taxed against the Plaintiff, that KSD be afforded the relief requested, and that KSD have such other

15    and further relief as the Court deems just and equitable.

16        DATED this 22nd day of July, 2008.

17                NORTHCRAFT, BIGBY & BIGGS, P.C.

18

19                By _____ #29271

20      _For:_  Mark S. Northcraft, WSBA #7888
                    Attorneys for Defendant Kent School District

21

22

23

24

25

26

NORTHCRAFT, BIGBY & BIGGS, P.C.
819 Virginia Street / Suite C-2
Seattle, WA  98101
tel:  206.623.0229
fax:  206.623.0234



Judge Kimberley Prochnau

1

2

3

4

5

6

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

7
IN AND FOR THE COUNTY OF KING

8   MADHURI PATEL, individually and on          No. 08-2-20671-8 KNT
    behalf of AMANDA HINGORANI, a
9   developmentally disabled minor,             **DECLARATION OF SERVICE**

10                                 Plaintiff,

11       v.

12  KENT SCHOOL DISTRICT, a Washington
    municipal corporation; KENT YOUTH AND
13  FAMILY SERVICES, a Washington
    corporation and healthcare provider;
14  MARNEE CRAWFORD, a healthcare
    provider; and DENNIS BALLINGER, a
15  healthcare provider,

16                                 Defendants.

17

        I, Lilly B. Tang, hereby certify under penalty of perjury under the laws of the state of
18
Washington that on July 22, 2008, I filed with the Court via U.S. Mail, postage prepaid thereon
19
and properly addressed, the originals of the following documents:
20
            1.    Answer of Kent School District to Complaint for Damages; and
21          2.    Declaration of Service

22  and served copies via facsimile and U.S. Mail upon:

23  David P. Moody
    Hagens Berman Sobol Shapiro LLP
24  1301 Fifth Avenue, Suite 2900
    Seattle, WA 98101
25
    ///
26

**DECLARATION OF SERVICE - 1**
w:\hingorani\pld\service.002

1    Michael E. McFarland, Jr.
      Evans, Craven & Lackie, P.S.
2    818 W. Riverside, Suite 250
      Spokane, WA  99201-0910

3

      SIGNED in Seattle, Washington on July 22, 2008.

4

5

                     _Lilly B. Tang_
6               Lilly B. Tang

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

70

**DECLARATION OF SERVICE - 2**
w:\hingorani\pld\service.002

NORTHCRAFT, BIGBY & BIGGS, P.C.
819 Virginia Street / Suite C-2
Seattle, WA  98101
tel:  206.623.0229
fax:  206.623.0234

RECEIVED

JUL 3 0 2008

NORTHCRAFT, BIGBY & BIGGS, P.C.

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| MADHURI PATEL, individually and on behalf of AMANDA HINGORANI, a developmentally disabled minor,<br><br>           Plaintiff,<br><br>   v.<br><br>KENT SCHOOL DISTRICT, a Washington municipal corporation; KENT YOUTH AND FAMILY SERVICES, a Washington corporation; MARNEE CRAWFORD, individually and in her official capacity as an employee of Kent Youth and Family Services; DENNIS BALLINGER, individually and in his official capacity as an employee of Kent Youth and Family Services,<br><br>           Defendants. | NO. 08-2-20671-8 KNT<br>NOTICE FOR HEARING<br>KENT REGIONAL JUSTICE CENTER ONLY<br>(Clerk's Action Required)  (NTHG) |

TO:    THE CLERK OF THE COURT and to all other parties per list on Page 2:
         PLEASE TAKE NOTICE that an issue of law in this case will be heard on the date below and the Clerk is directed to note this issue on the calendar checked below.

Calendar Date: August 8, 2008 _____ Day of Week: Friday _____

Nature of Motion: Motion for Default Order

| CASES ASSIGNED TO INDIVIDUAL JUDGES - RJC |
|---|
| Working Papers: The judge's name, date and time of hearing <u>must</u> be noted in the upper right corner of the Judge's copy.   Deliver Judge's copies to Judges' Mailroom at RJC |
| [ x ]  Without oral argument (Mon - Fri) |
| [ ]  With oral argument Hearing       Date/Time:_____<br>     If oral argument on the motion is allowed (LR 7(b)(2)), contact staff of assigned judge to schedule date and time before filing this notice. |
| Judge's Name: KIMBERLEY PROCHNAU   Trial Date: December 7, 2009 |
| CHIEF CIVIL DEPARTMENT – RJC |
| All Chief Civil calendars are at 10:00 on Fridays, except as noted.  See signs posted at RJC for calendar location. Deliver working copies to Judges' Mailroom, Room 2D at RJC.  In upper right corner of papers write "Chief Civil Department" and date of hearing. |
| [ ] Extraordinary Writs (Show Cause Hearing) (LR 98.40)<br>[ ] Supplemental Proceedings (9:15 am) (LR 69)<br>[ ] Motions to Consolidate with multiple judges assigned (LR 40(a)(4) (without oral argument) M-F |
| Non-Assigned Cases: |
| [ ] Dispositive Motions and Revisions (10:30 am)     [ ] Non-Dispositive Motions M-F (without oral argument)<br>[ ] Certificates of Rehabilitation- Weapon Possession(**Convictions from Limited Jurisdiction Courts**)(LR 40(2)(B))<br>[ ] Certificates of Rehabilitation (**Employment**) |

71

**PARTIES: The address of the Regional Justice Center is 401 4th Avenue North,  Kent, WA 98032**. You must bring this document and appear as scheduled.

[ ] Room: _____                    [ ] See Posted Signs

**You may list an address that is not your residential address where you agree to accept legal documents.**

Sign: _____    Print/Type Name: David P. Moody _____

WSBA # 22853 _____ (if attorney)       Attorney for: Plaintiff _____

Address: 1301 5th Avenue, Suite 2900 _____   City, State, Zip Seattle, Washington 98101 _____

Telephone: 206-268-9323 _____   Date: July 30, 2008 _____

## DO NOT USE THIS FORM FOR FAMILY LAW, EX PARTE OR RALJ MOTIONS.

LIST NAMES AND SERVICE ADDRESSES FOR ALL NECESSARY PARTIES REQUIRING NOTICE

Mr. Frank R. Siderius
Siderius & Lonergan
500 Union Street, Suite 847
Seattle, WA  98101
206-624-2800

Attorney For Defendant Marnee Crawford
WSBA #7759

Mr. Michael E. McFarland, Jr.
Evans, Craven & Lackie, P.S.
818 W. Riverside, Suite 250
Spokane, Washington  99201
509-455-5200

Attorney for Defendants Kent Youth and Family
Services, Crawford and Ballinger
WSBA # 23000

Mr. Mark Northcraft
819 Virginia Street, Suite C-2
Seattle, Washington  98101
206-623-0234

Attorney for Defendant Kent School District
WSBA #7888

## IMPORTANT NOTICE REGARDING CASES

Party requesting hearing must file motion & affidavits separately along with this notice.  List names, addresses and telephone numbers of all parties requiring notice (including GAL) on this page.  Serve a copy of this notice, with motion documents, on all parties.

The original must be filed at the Clerk's Office not less than **six** court days prior to requested hearing date, except for Summary Judgment Motions (to be filed with Clerk 28 days in advance).

THIS IS ONLY A PARTIAL SUMMARY OF THE LOCAL RULES AND ALL PARTIES ARE ADVISED TO CONSULT WITH AN ATTORNEY.

The REGIONAL JUSTICE CENTER is in Kent, Washington at 401 Fourth Avenue North.  The Clerk's Office is on the second floor, Room 2C.  The Judges' Mailroom is Room 2D.

73

RECEIVED

JUL 3 0 2008

NORTHCRAFT, BIGBY & BIGGS, P.C.

SUPERIOR COURT OF WASHINGTON IN AND FOR KING COUNTY

| | |
|---|---|
| MADHURI PATEL, individually and on behalf of AMANDA HINGORANI, a developmentally disabled minor, | No. 08-2-20671-8 KNT |
| Plaintiff, | MOTION FOR ORDER OF DEFAULT |
| v. | |
| KENT SCHOOL DISTRICT, a Washington municipal corporation; KENT YOUTH AND FAMILY SERVICES, a Washington corporation; MARNEE CRAWFORD, individually and in her official capacity as an employee of Kent Youth and Family Services; DENNIS BALLINGER, individually and in his official capacity as an employee of Kent Youth and Family Services, | |
| Defendants. | |

## I.    INTRODUCTION

COMES NOW, plaintiff and moves this Court for an Order of Default, pursuant to Civil Rule 55, against Defendants Kent Youth and Family Services, Dennis Ballinger and Marnee Crawford.

MOTION FOR ORDER OF DEFAULT - 1

HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

003020-11 253695 V1

## II.   STATEMENT OF FACTS

On June 18, 2008, plaintiff filed a complaint for damages against Defendants Kent School District; Kent Youth and Family Services; Dennis Ballinger, and Marnee Crawford.[1] Each defendant was served with a copy of the Complaint and Summons.[2]

The alleged acts and omissions of defendants occurred in King County, Washington.[3] Therefore plaintiff filed her complaint in this Court.  Venue is proper in King County Superior Court.

Defendants Kent Youth and Family Services, Marnee Crawford and Dennis Ballinger filed a Notice of Appearance on June 25, 2008 and on July 2, 2008.[4]  However, Defendants Kent Youth and Family Services, Crawford and Ballinger did not, and have not, filed an Answer.[5]

On July 10, 2008, plaintiff's counsel sent correspondence to counsel for all defendants requesting that an answer be filed by July 11, 2008.[6]  On July 16, 2008 plaintiff's counsel sent a letter to counsel for all defendants acknowledging requests for an extension, and granting defendants an extension to file their answers until July 22, 2008.[7]  On July 21, 2008 plaintiff's counsel sent a letter to counsel for Defendants Kent Youth and Family Services, Marnee Crawford and Dennis Ballinger granting one final extension to file an answer, and postponing the deadline until July 29, 2008.[8]  To date, no Answer has been filed or served by defendants Kent Youth and Family Services, Marnee Crawford and Dennis Ballinger.[9]

---

[1] Declaration of Martin D. McLean, hereinafter "McLean Decl." at Ex. A.

[2] McLean Decl., at Ex. B.

[3] McLean Decl., at Ex. A, p. 2.

[4] McLean Decl., at Ex. C.

[5] McLean Decl., p. 2.

[6] McLean Decl. at Ex. E.

[7] McLean Decl. at Ex. E.

[8] McLean Decl. at Ex. E.

[9] McLean Decl., p. 2.

MOTION FOR ORDER OF DEFAULT - 2



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

